IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERILL GLICKMAN                         *
11321 BERGER TERRACE                     *
POTOMAC, MD 20854
                                         *
     and                                 *

HAROLD GLICKMAN                          *
11321 BERGER TERRACE                     *
POTOMAC, MD 20854
                                         *

          Plaintiffs                     *

     v.                                  *      Case No. _____

BAYER CORPORATION,                       *
100 BAYER ROAD
PITTSBURGH, PA  15205-9741               *

     and                                 *

BAYER PHARMACEUTICALS                    *
CORPORATION
400 MORGAN LANE                          *
WEST HAVEN, CT 06516-4140
                                         *
     and                                 *

BAYER HEALTHCARE LLC
511 BENEDICT AVENUE                      *
TARRYTOWN, NY 10591-5097
                                         *
     and                                 *

BAYER AKTIENGESELLSCHAFT
CORPORATION                              *
BAYERWERK
51368 LEVERKUSEN, GERMANY                *

and                                              *

**JOHN DOE CORPORATIONS 1 – 5,**                 *

*Defendants*                                     *

*    *    *    *    *    *    *    *    *    *    *    *    *

## **NOTICE OF REMOVAL**

TO:    United States District Court for the District of Columbia:

Pursuant to 28 U.S.C. § 1441, defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation ("Removing Defendants"), hereby remove this action, *Glickman v. Bayer Corporation,, et al.,* case number 05-0006217, from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and state as follows:

1.    This action is brought by Sherill Glickman and Harold Glickman (collectively, "Plaintiffs").  In their complaint filed on August 2, 2005 ("Complaint"), Plaintiffs assert claims for negligence, strict liability, and loss of consortium against Removing Defendants, Bayer Aktiengesellschaft Corporation, and John Doe Corporations 1-5. A copy of the Complaint is attached hereto as Exhibit A.

## I.    **JURISDICTIONAL BASIS FOR REMOVAL**

2.    There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in the United States District Court pursuant to 28 U.S.C. § 1332(a).  Specifically, the United States District Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between each Plaintiff and each of the relevant defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A.    Diversity of Citizenship

3.    In determining whether diversity is satisfied, the citizenship of the named plaintiff is determined at the time the complaint is filed and at the time of removal. *See generally Freeport-McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428 (1991) (*per curiam*).

4.    Plaintiffs allege that they are "residents and citizen[s] of the State of Maryland . . . ." *See* Complaint ¶ 1. Upon information and belief, Plaintiffs are and at the time of the filing of this action were, citizens of the State of Maryland.

5.    Removing Defendant Bayer Corporation is, and at the time of filing of this action was, a corporation existing under the laws of the State of Indiana, having its principal place of business in the State of Pennsylvania.

6.    Removing Defendant Bayer HealthCare LLC is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New York.

7.    Removing Defendant Bayer Pharmaceuticals Corporation is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of Connecticut.

8.    Upon information and belief, "Bayer Aktiengesellschaft Corporation" is an erroneous reference to Bayer AG. Bayer AG is a non-US corporation formed under the laws of Germany, a foreign state, with its principal place of business in Germany. It is not subject to service in the United States and has no agent for service of process in the United States.

9.    "John Doe Corporations 1-5" are fictitious defendants. As such, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a).

10.    This case involves "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. §1332(a)(3). Moreover, none of the defendants named in the Complaint is a citizen of the District of Columbia. *See* 28 U.S.C. § 1441(b). Accordingly, there is the requisite diversity of citizenship.

**B.    Amount in Controversy**

11.    Plaintiff Sherill Glickman seeks compensatory damages of $2,500,000.00 and $5,000,000.00 in punitive damages (*see ad damnum* clauses for Counts I and II of the Complaint), as well as attorneys' fees and costs of the suit.

12.    Plaintiffs also demand compensatory damages in the sum of $800,000.00 (*see ad damnum* clause for Count III of the Complaint), plus interest and costs, based on the assertion that they "have suffered and will continue to suffer injury to the marital relationship, including emotional damages, loss of society, affection, assistance, companionship and marital relations." Complaint, Ex. A, ¶36. Specifically, it is alleged that "Sherill Glickman suffered temporary and permanent injuries that have impaired and will impair her ability to consort with and care for her husband, Harold Glickman." *Id.* at ¶35. The District of Columbia recognizes that "[a] loss of consortium claim stands 'separate and independent' from a negligence claim" although it is "dependent on or collateral to the other spouse's negligence claim." *Massengale v. Pitts*, 737 A.2d 1029, 1032, 1033 (Ct App. DC 1999).

13.    Because each Plaintiff seeks relief in excess of $75,000, the requisite amount in controversy for federal diversity jurisdiction is satisfied.

**II.    PROCEDURAL REQUIREMENTS FOR REMOVAL**

14.    On September 26, 2005, each of the Removing Defendants was served with a copy of the Complaint. A copy of the CT Corporation Service of Process Transmittal form for each of the Removing

Defendants is attached hereto as Exhibits B, C, and D. Because this Notice of Removal is being filed within 30 days of the service of the Complaint and within one year of the filing of the Complaint, it is timely under 28 U.S.C. § 1446(b).

15. A copy "of all process, pleadings, and orders served upon" Removing Defendants is attached to this Notice of Removal as Exhibit E, as required by 28 U.S.C. § 1446(a).

16. The consent of fictitious defendants "John Doe Corporations 1-5" to this removal is not necessary, because their citizenship is disregarded for removal purposes. *See* 28 U.S.C. § 1441(a). *See generally Williams v. Howard Univ.*, 984 F.Supp. 27, 30 n.5 (D.D.C. 1997).

17. The consent of Bayer AG, erroneously referred to as "Bayer Aktiengesellschaft Corporation," is not necessary, because, upon information and belief, Bayer AG has not been served. *See* 28 U.S.C. § 1441(b); *Williams, supra* ("Three well-recognized exceptions to the unanimity rule are: (1) where one or more of the defendants were not yet served with the initial pleading at the time the removal petition was filed . . . .")

18. As required by 28 U.S.C. § 1441(a), this civil action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Columbia embraces the District of Columbia, in which this action was originally filed. *See* 28 U.S.C. § 88.

19. The Removing Defendants are filing written notice of this removal, in substantially the form attached hereto as Exhibit F (without exhibits), with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d)[1]. A copy of the Removing Defendants' Notice to the

---

[1] The District of Columbia is defined as a "State" pursuant to 28 U.S.C. § 1332(e).

Superior Court for the District of Columbia of Filing of Notice of Removal to the United States District Court, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation respectfully remove this action, case number 05-0006217, from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441.

DATED this _13_ day of October, 2005.

Respectfully submitted,

Richard M. Barnes (Fed. Bar No. 362286)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

Attorneys for Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation, Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _13_ day of October, 2005, a copy of the foregoing Notice of

Removal, with attachments, was mailed first-class, postage prepaid, to:

> Nathan I. Finkelstein
> Laurie B. Horvitz
> Robert J. Goldman
> FINKELSTEIN & HORVITZ, P.C.
> 7315 Wisconsin Ave.
> Suite 400 East
> Bethesda, MD 20814
> *Attorneys for Plaintiffs*

Richard M. Barnes

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D

# EXHIBIT E

# EXHIBIT F