SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SHERILL GLICKMAN,
11321 Berger Terrace
Potomac, Maryland 20854

and

HAROLD GLICKMAN,
11321 Berger Terrace
Potomac, Maryland 20854

   Plaintiffs

   vs.

BAYER CORPORATION,
1127 Myrtle Street
Elkhart, Indiana 46515

To Serve:
CT Corporation System
1015 15th Street, NW, Suite 1000
Washington, District of Columbia 20005

and

BAYER AKTIENGESELLSCHAFT
CORPORATION,
Bayerwerk
51368 Leverkusen, Germany

To Serve:
The Company Corporation
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808
and
CT Corporation System
1015 15th Street, NW, Suite 1000
Washington, District of Columbia 20005

and

RECEIVED
Civil Clerk's Office

AUG 0 2 2005

Superior Court of the
District of Columbia
Washington, D.C.

05-0006327

Civil No.: _____

-7-

BAYER HEALTHCARE, LLC,
511 Benedict Avenue
Tarrytown, New York 10591

To Serve:
CT Corporation System
1015 15th Street, NW, Suite 1000
Washington, District of Columbia 20005

and

BAYER PHARMACEUTICALS
CORPORATION,
400 Morgan Lane
West Haven, Connecticut 06516

To Serve:
CT Corporation System
1015 15th Street NW, Suite 1000
Washington, District of Columbia 20005

and

JOHN DOE CORPORATIONS 1-5

Defendants.

## COMPLAINT

Plaintiffs, Sherill Glickman ("Sherill") and Harold Glickman ("Harold") (collectively referred to as "**Plaintiffs**"), by and through undersigned counsel, sue Defendants Bayer Corporation ("Corporation"), Bayer Aktiengesellschaft ("AG"), Bayer Healthcare, LLC ("Healthcare"), Bayer Pharmaceuticals Corporation ("Pharmaceuticals") and John Doe Corporations 1-5 ("John Does") (collectively referred to as "**Defendants**"), and state the following:

**Parties**

1. Plaintiffs are residents and citizen of the State of Maryland, residing at the address set forth in the caption above.

2. Defendant Corporation is a Delaware corporation authorized to transact business in the District of Columbia, and was at all times relevant hereto doing business in the District of Columbia and/or was the manufacturer, distributor, seller, and/or provider of a pharmaceutical known as Ciprofloxacin or "Cipro" (hereinafter referred to as "Cipro").

3. Defendant Corporation is a wholly owned subsidiary and/or holding company of Defendant AG, a German Corporation, and all of the allegations contained herein are equally applicable to both Corporation and AG. Upon information and belief, Healthcare and Pharmaceuticals are divisions of the same company, which are authorized to transact business in the District of Columbia, and all of which have offices located in the District of Columbia.

4. Defendants John Does 1-5 are the designations for the corporate parties or successor corporations or companies to the other Defendants who have not been identified as of yet, which distributed, sold, delivered, maintained, or otherwise placed into the stream of commerce the Cipro which caused Plaintiffs' injuries.

5. The events giving rise to this cause of action occurred in the District of Columbia.

## Jurisdiction

6. Jurisdiction in this Court is proper pursuant to D.C. Code §13-423.

7. Venue in this Court is proper because the event complained of herein took place in Washington, D.C.

## Facts

8. Plaintiff realleges paragraphs 1 through 7 as if fully set forth herein.

9. In or about 2001, Sherill was prescribed a four week course of 400-500 milligrams of Cipro and then an additional period of two weeks to treat chronic acute diverticulitis.

10. In or about January 2002, Sherill underwent colon resection surgery as a result of her chronic acute diverticulitis.

11. Following her surgery in or about January 2002, Sherill was prescribed an additional six (6) month course of Cipro.

12. In or about August 2002, Sherill developed intense, severe and debilitating pains in her left foot, which prevented her from bearing weight, ambulating or performing all of her normal routine daily tasks.

13. On or about August 20, 2002, as a result of the constant acute pain in her left foot, Sherill underwent an MRI which revealed a partial tendon tear in her left foot, degenerative sclerosis and subchondral cyst formation in her left foot.

14. Subsequent to the MRI, Sherill did not experience any relief and had a second MRI on or about January 3, 2003 which revealed interval progression of a partial thickness tear of her posterior tibial tendon.

15. On or about February 7, 2003, Dr. Stephen J. Kominsky performed surgery on Sherill to repair her posterior tibial tendon, which Dr. Kominsky described as "extremely attenuated and of abnormal character."

16. During the February 7, 2003 surgery, Dr. Kominsky took a bone tissue sample from Sherill, an analysis on which revealed "fibrillary degeneration."

17. In order to promote recovery to her posterior tibial tendon, reduce pain, regain strength and improve her mobility, Sherill went through a strenuous course of physical therapy from March 5, 2003 through June 3, 2003. Despite these efforts, Sherill continued to suffer from pain, weakness and reduced mobility.

18. On May 8, 2003, Dr. Robert Palmer treated Sherill's superspinatus tendon for pain and, based on recent medical literature and his examination of Sherill, determined that Sherill's tendon ruptures and injuries and resulting pain and weakness were caused by her exposure to and ingestion of Cipro.

19. On or about July 31, 2003, Dr. Robert Tuck diagnosed a right rotator cuff rupture and confirmed that Sherill's tendon ruptures and pain were directly and proximately caused by her exposure to and ingestion of Cipro.

20. On or about August 20, 2003, Dr. Tuck performed right rotator cuff surgery on Sherill to repair her injury.

21. Prior to ingesting Cipro, Sherill had no history of tendon pain or injuries and had not observed any functional limitations such as she experienced in 2002 and 2003.

22. To date, Sherill is in constant pain and she continues to have difficult walking and bearing weight.

23. Sherill continues to undergo treatment and is under a doctor's care and supervision for her permanent injuries, pain, weakness and physical limitations.

## COUNT I: NEGLIGENCE

24. Plaintiffs incorporate paragraphs 1 through 23 as if restated herein.

25. The Cipro which caused Sherill's injuries was defective and unreasonably dangerous. It was engineered, designed and manufactured by these

Defendants in a defective manner, and these Defendants failed to properly test Cipro, failed to provide adequate warnings or instructions, and/or manufactured the Cipro in a defective manner or in deviation from design specifications.

26.  Defendants are liable to Plaintiff in that their negligence, recklessness and carelessness in, among other things, the design, manufacture, engineering, testing, production, synthesis, distribution or sale of the Cipro caused Sherill's injuries.

27.  As a direct and proximate result of Defendants' conduct in production, marketing, engineering, synthesis and sale of Cipro, Sherill has suffered and continues to suffer severe and painful personal injuries, has lost and continues to lose time from her employment, has incurred medical expenses and will continue to incur in the future medical care and expenses, has endured and will continue to endure great pain, suffering and humiliation, and has suffered and continues to suffer a loss in the quality of her life and she has and will continue to suffer other losses thereby.

WHEREFORE, PLAINTIFF SHERILL GLICKMAN requests judgment in the amount of $2,500,000.00 against Defendants Bayer Corporation, Bayer Aktiengesellschaft Corporation, Bayer Healthcare, LLC, Bayer Pharmaceuticals Corporation and John Doe Corporations 1-5 in compensatory damages plus $5,000,000.00 in punitive damages plus attorney's fees and costs.

## COUNT II: STRICT LIABILITY

28.  Plaintiffs incorporate paragraphs 1 through 27 as if restated herein.

29.  Defendants are strictly liable in tort to Plaintiff. These Defendants together or individually placed or caused the placement of Cipro, a defective, dangerous product, not reasonably fit, suitable and/or safe for its intended or reasonably foreseeable use, into

the stream of commerce, a defect which arose while the product was in the control of these Defendants, and which defect caused Sherill's injuries.

30. At the time of the design, assembly, manufacture, engineering, synthesis, distribution, and/or sale of Cipro, Defendant Bayer, expressly and impliedly warranted and represented that Cipro and/or its components were designed, assembled, manufactured, distributed, synthesized, engineered, and/or sold in a proper manner, reasonably fit, safe and suitable for their intended or reasonably foreseeable uses.

31. Said Cipro and/or its components were not designed, assembled, manufactured, distributed, synthesized, engineered, and/or sold in a proper manner, fit, safe and suitable for its intended or reasonably foreseeable uses, and Sherill was injured therefrom. Or, Defendants are liable to Sherill for their failure to warn her of a known hazard that existed in connection with the use of the pharmaceutical in question and/or of a danger inherent in the drug's use, which failure caused Plaintiff's injuries.

32. As a direct and proximate result of Defendants' conduct in production, marketing, engineering, synthesizing and/or sale of Cipro, Sherill has suffered severe and permanent personal injuries, has lost and continues to lose time from her employment, has incurred medical expenses and will continue to incur in the future medical care and expenses, has endured and will continue to endure great pain, suffering and humiliation, and has suffered and continues to suffer a loss in the quality of her life and she has and will continue to suffer other losses thereby.

WHEREFORE, PLAINTIFF SHERILL GLICKMAN requests judgment in the amount of $2,500,000.00 against Defendants Bayer Corporation, Bayer Aktiengesellschaft, Bayer Healthcare, LLC, Bayer Pharmaceuticals Corporation and John Doe Corporations 1-5

in compensatory damages plus $5,000,000.00 in punitive damages plus attorney's fees and costs.

### COUNT III: LOSS OF CONSORTIUM

33. Plaintiffs incorporate paragraphs 1 through 32 as if restated herein.

34. Through no fault of her own, Plaintiff Sherill Glickman suffered tendon ruptures and injuries as a direct and proximate result of the conduct of Defendants.

35. In part, Sherill Glickman suffered temporary and permanent injuries that have impaired and will impair her ability to consort with and care for her husband, Harold Glickman.

36. As a direct and proximate result of Defendants' conduct, Sherill and Harold have suffered and will continue to suffer injury to the marital relationship, including emotional damages, loss of society, affection, assistance, companionship and marital relations.

WHEREFORE, Plaintiffs demand judgment in the sum of Eight Hundred Thousand Dollars ($800,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

FINKELSTEIN & HORVITZ, PC

_____
Nathan I. Finkelstein, DC Bar #173682
Laurie B. Horvitz, DC Bar #384702
Robert J. Goldman, DC Bar #481642
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone (301) 951-8400

Attorneys for Plaintiff

### JURY DEMAND

Plaintiff, by and through undersigned counsel, demands a jury trial on all matters triable before a jury.

_____
Robert J. Goldman