IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERILL GLICKMAN<br>11321 BERGER TERRACE<br>POTOMAC, MD 20854<br><br>and<br><br>HAROLD GLICKMAN<br>11321 BERGER TERRACE<br>POTOMAC, MD 20854<br><br>          Plaintiffs<br><br>     v.<br><br>BAYER CORPORATION,<br>100 BAYER ROAD<br>PITTSBURGH, PA 15205-9741<br><br>and<br><br>BAYER PHARMACEUTICALS<br>CORPORATION<br>400 MORGAN LANE<br>WEST HAVEN, CT 06516-4140<br><br>and<br><br>BAYER HEALTHCARE LLC<br>511 BENEDICT AVENUE<br>TARRYTOWN, NY 10591-5097<br><br>and<br><br>BAYER AKTIENGESELLSCHAFT<br>CORPORATION<br>BAYERWERK<br>51368 LEVERKUSEN, GERMAN<br><br>and<br><br>JOHN DOE CORPORATIONS 1 – 5 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Case No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

                      **Defendants.**                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND DEFENSES OF BAYER CORPORATION, BAYER HEALTHCARE LLC AND BAYER PHARMACEUTICALS CORPORATION

Defendants Bayer Corporation, Bayer HealthCare LLC and Bayer Pharmaceuticals Corporation (collectively, "Bayer"), by their undersigned attorneys, answer the Complaint filed by Sherill and Harold Glickman ("Plaintiffs") and allegations directed toward Bayer, as follows. The headings have been inserted for reference purposes only to correspond to the style of the Complaint and should not be construed as an express or implied admission of a specific allegation.

In answer to the individually numbered paragraphs of the Complaint, Bayer responds as follows:

### Parties

1. In answer to paragraph 1, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

2. In answer to paragraph 2, Bayer admits that Bayer Corporation is authorized to transact business in the District of Columbia and that during the time of some of the allegations in the complaint, Bayer Corporation manufactured, distributed and sold Cipro® (Ciprofloxacin). Bayer denies the remaining allegations of Paragraph 2 of the complaint. Bayer further states that Bayer Corporation is an Indiana Corporation.

3. In answer to paragraph 3, Bayer admits that Bayer Corporation is a wholly owned subsidiary of Bayer AG, a German company. Bayer also admits that Bayer HealthCare LLC and Bayer Pharmaceuticals Corporation are authorized to transact business in the District of Columbia. Bayer denies the remaining allegations of Paragraph 3 of the complaint.

4. In answer to paragraph 4, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

5. In answer to paragraph 5, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

### Jurisdiction

6. In answer to paragraph 6, Bayer states that it is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 6. In further answer, Bayer asserts that this case has been removed from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

7. In answer to paragraph 7, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

### Facts

8. In response to the allegations in Paragraph 8, Bayer incorporates herein all of its responses to Paragraphs 1 through 7 of the Complaint.

9. In answer to paragraph 9, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

10. In answer to paragraph 10, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

11. In answer to paragraph 11, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

12. In answer to paragraph 12, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

13. In answer to paragraph 13, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

14. In answer to paragraph 14, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

15. In answer to paragraph 15, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

16. In answer to paragraph 16, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

17. In answer to paragraph 17, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

18. In answer to paragraph 18, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

19. In answer to paragraph 19, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

20. In answer to paragraph 20, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

21. In answer to paragraph 21, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

22. In answer to paragraph 22, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

23. In answer to paragraph 23, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

**Count I: Negligence**

24. In response to the allegations in Paragraph 24, Bayer incorporates herein all of its responses to Paragraphs 1 through 23 of the Complaint.

25. In answer to paragraph 25, Bayer denies the allegations contained therein.

26. In answer to paragraph 26, Bayer denies the allegations contained therein.

27. In answer to paragraph 27, Bayer denies the allegations contained therein.

**WHEREFORE**, having fully answered Count I of the Complaint, Bayer denies that Plaintiffs are entitled to the relief requested in Count I's *ad damnum* clause.

### Count II: Strict Liability

28. In response to the allegations in Paragraph 28, Bayer incorporates herein all of its responses to Paragraphs 1 through 27 of the Complaint.

29. In answer to paragraph 29, Bayer admits that during the time of some of the allegations in the complaint, Bayer Corporation and Bayer Pharmaceuticals Corporation manufactured, distributed and sold Cipro®. Bayer denies the remaining allegations of Paragraph 29 of the complaint.

30. The allegations of Paragraph 30 are conclusions of law to which no response is required.

31. In answer to paragraph 31, Bayer denies the allegations contained therein.

32. In answer to paragraph 32, Bayer denies the allegations contained therein.

**WHEREFORE**, having fully answered Count II of the Complaint, Bayer denies that Plaintiffs are entitled to the relief requested in Count II's *ad damnum* clause.

### Count III: Loss of Consortium

33. In response to the allegations in Paragraph 33, Bayer incorporates herein all of its responses to Paragraphs 1 through 32 of the Complaint.

34. In answer to paragraph 34, Bayer denies the allegations contained therein.

35. In answer to paragraph 35, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the allegations.

36. In answer to paragraph 36, Bayer denies the allegations contained therein.

**WHEREFORE**, having fully answered Count III of the Complaint, Bayer denies that Plaintiffs are entitled to the relief requested in Count III's *ad damnum* clause.

## GENERAL DENIAL

Bayer denies all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses and/or affirmative defenses (hereinafter "defenses") should be available to Bayer in this matter. Bayer therefore asserts said defenses in order to preserve its right to assert them. Upon completion of discovery, and if the facts warrant, Bayer may withdraw any of these defenses as appropriate. Further, Bayer reserves the right to amend this answer to assert additional defenses, cross-claims, counterclaims and other claims and defenses as discovery proceeds. Further answering and by way of defense, Bayer states as follows:

## FIRST DEFENSE
(Failure to State a Claim)

Plaintiffs' Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted against Bayer. In particular, Plaintiffs name Bayer HealthCare LLC as a defendant, when that entity has never manufactured, distributed or sold Cipro®.

## SECOND DEFENSE

(Statute of Limitations)

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations and/or statutes of repose.

**THIRD DEFENSE**
(Consent/Assumption of Risk)

If Plaintiffs suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards and dangers knowingly assumed by the Plaintiffs. Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiffs' assumption of the risk.

**FOURTH DEFENSE**
(Preemption)

Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the federal regulation of prescription drug manufacturing, testing, marketing and labeling.

**FIFTH DEFENSE**
(Indispensable Parties)

Plaintiffs' Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

**SIXTH DEFENSE**
(Privity)

Bayer did not sell or distribute the prescription drug Cipro® directly to Plaintiffs, and Plaintiffs did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiffs' claims are barred by a lack of privity between Plaintiffs and Bayer.

**SEVENTH DEFENSE**
(Good Faith)

With respect to each and every purported cause of action in Plaintiffs' Complaint, the

acts of Bayer were at all times done in good faith and without malice.

## EIGHTH DEFENSE
### (Conformity with Medical Knowledge)

With respect to each and every purported cause of action in Plaintiffs' Complaint, Bayer states that Bayer Corporation's methods, standards, and techniques in the preparation of Cipro® were and are in conformity with the generally recognized state of the medical knowledge, common and accepted procedure in the medical field, and state of the art at the time of their preparation.

## NINTH DEFENSE
### (Conformity with Applicable Law)

With respect to each of Plaintiffs' claims, Cipro® was prepared by Bayer Corporation and provided by Bayer Corporation, including labeling and packaging, pursuant to the approval of the appropriate federal agencies and applicable statutes and regulations; approval of preparation of Cipro® was obtained in compliance with all requirements pertaining to the preparation and/or distribution of Cipro® and was accomplished pursuant to acceptable standards of conduct.

## TENTH DEFENSE
### (Public Benefit)

The public interest and benefit in the availability of Cipro® preclude liability for any risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined that there is a risk inherent in Cipro®, then such risk, if any, is outweighed by the benefits Cipro®.

## ELEVENTH DEFENSE
### (Protected Speech)

Plaintiffs' claims are barred in whole or in part because the commercial speech relating to Cipro® was not false or misleading and is protected under the First Amendment of the United States Constitution and Constitution of the State of Columbia.

### TWELFTH DEFENSE
### (No Misrepresentation)

Plaintiffs and/or the prescribing physician did not detrimentally rely on any labeling, warnings or information concerning Cipro®.

### THIRTEENTH DEFENSE
### (Puffery Not Actionable)

To the extent Plaintiffs' claims and allegations relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

### FOURTEENTH DEFENSE
### (Violation of Constitutional Rights)

To the extent that Plaintiffs' claims are based on disgorgement of revenue/profits or based on a theory providing for liability without proof of causation, the claims violate Bayer's rights under the United States Constitution and the Constitution of the State of Columbia, and Plaintiffs' claims are barred by the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the appropriate sections of the Constitution of the State of Columbia on the ground that Bayer will not be accorded protection against multiple suits and duplicative liability and to the extent that there has been a denial of equal protection.

### FIFTEENTH DEFENSE
### (Unclean Hands)

With respect to each and every purported cause of action, Plaintiffs' claims are barred by the doctrine of unclean hands.

### SIXTEENTH DEFENSE
### (Waiver and Estoppel)

With respect to each and every purported cause of action, Plaintiffs' claims are barred by the doctrine of waiver and estoppel.

## SEVENTEENTH DEFENSE
### (Laches)

Plaintiffs' claims against Bayer are barred, in whole or in part, by the doctrines of latches, waiver and/or estoppel.

## EIGHTEENTH DEFENSE
### (Third-Party)

The injuries, damages, and/or loss claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than Bayer over whom Bayer had no control.

## NINETEENTH DEFENSE
### (Lack of Causation)

Bayer asserts that its conduct did not cause, proximately cause, solely cause, or solely proximately cause, the injuries and/or damages claimed by Plaintiffs, if any.

## TWENTIETH DEFENSE
### (Intervening/Superseding Cause)

The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer was not the proximate and/or competent producing cause of such alleged injuries and damages.

## TWENTY-FIRST DEFENSE
### (Unavoidable Circumstances)

The alleged injuries and/or damages of the Plaintiffs, if any, were the result of unavoidable circumstances that could not have been prevented by anyone.

## TWENTY-SECOND DEFENSE
### (No Negligence)

Bayer denies that it is liable for actionable negligence and denies that Plaintiffs was

injured thereby.

## TWENTY-THIRD DEFENSE
### (Pre-Existing Condition)

Bayer asserts that the injuries and/or damages alleged by Plaintiffs, if any, were the result of a pre-existing condition or conditions that were unrelated to any conduct of, or medicine(s) placed in the stream of commerce by, Bayer and/or over which Bayer had no control.

## TWENTY-FOURTH DEFENSE
### (Act of God)

The injuries and/or damages alleged by Plaintiffs, if any, may have been caused, in whole or in part, by operation of nature or act of God.

## TWENTY-FIFTH DEFENSE
### (Alteration or Misuse)

If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling or other unforeseeable misuse of the prescription drug Cipro®.

## TWENTY-SIXTH DEFENSE
### (Idiosyncratic Reaction)

Plaintiffs' alleged injuries and damages, if any, were the result of an idiosyncratic reaction that Bayer could not reasonably foresee.

## TWENTY-SEVENTH DEFENSE
### (Contributory Negligence)

Plaintiffs' recovery is barred and/or should be reduced under the applicable law because of Plaintiffs' contributory negligence or fault and/or comparative negligence or fault.

## TWENTY-EIGHTH DEFENSE
### (Failure to Mitigate)

With respect to each and every cause of action, Plaintiffs is not entitled to recover because of failure to mitigate damages.

## TWENTY-NINTH DEFENSE
(Intervening Negligence)

With respect to each and every cause of action, Plaintiffs is not entitled to recover because of intervening acts and/or omissions of persons or entities other than Bayer.

## THIRTIETH DEFENSE
(Unavoidably Unsafe)

With respect to each and every cause of action, Plaintiffs is not entitled to recover because if Cipro® was unsafe, which Bayer denies, then it was unavoidably unsafe. The apparent benefits of Cipro® exceed any apparent risk given the scientific knowledge available.

## THIRTY-FIRST DEFENSE
(No Express/Implied Warranty)

Bayer denies making any express or implied warranties to Plaintiffs or any representations of any nature, but Bayer alleges that any and all warranties that may form a basis for Plaintiffs' claims were adequately disclaimed.

## THIRTY-SECOND DEFENSE
(No Strict Liability)

Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comment k.

## THIRTY-THIRD DEFENSE
(Learned Intermediary Doctrine)

Cipro® is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Bayer, including Plaintiffs' treating physicians, healthcare personnel and institutions, stood in the position of Learned Intermediary between Bayer and Plaintiffs. The claims in the Complaint against Bayer accordingly are barred in whole or in part by the Learned Intermediary Doctrine.

## THIRTY-FOURTH DEFENSE

(Fundamental Fairness)

With respect to each and every cause of action, Plaintiffs are not entitled to recover because of the delay and the fundamental unfairness and prejudice due to the excessive delay from the date of use of the product until the filing of the Complaint.

### THIRTY-FIFTH DEFENSE
(Joint Tortfeasors)

Should Bayer be held liable to Plaintiffs, which liability is specifically denied, Bayer would be entitled to a set-off for all sums of money received or available from, or on behalf of, any tortfeasors for the same injuries alleged in Plaintiffs' Complaint pursuant to D.C. ST § 28-:3-116.

### THIRTY-SIXTH DEFENSE
(Punitive Damages)

Because of the lack of clear standards, the imposition of punitive or exemplary damages against Bayer would be unconstitutionally vague and/or overbroad.

### THIRTY-SEVENTH DEFENSE
(Punitive Damages)

Plaintiffs' claims for punitive or exemplary damages are barred under applicable District of Columbia and Federal law. Permitting recovery of punitive or exemplary damages in this case would contravene Bayer's constitutional rights as reserved by the 5th, 7th, 8th and 14th Amendments to the United States Constitution, and other provisions of the United States Constitution and the applicable Constitution of the District of Columbia.

### THIRTY-EIGHTH DEFENSE
(Punitive Damages)

Punitive damages cannot be sustained because Plaintiffs cannot prove that Bayer acted with actual malice as required by District of Columbia law.

### THIRTY-NINTH DEFENSE
(Punitive Damages)

Any award of punitive or exemplary damages against Bayer is barred to the extent that it is inconsistent with the standards and limitations set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996) and State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

### FORTIETH DEFENSE
(No Injury to Plaintiffs)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs has not sustained injury or damage as a result of the matters alleged in the Complaint.

### FORTY-FIRST DEFENSE
(Failure to Properly Name Defendants)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to properly name the listed defendants.

### AMENDMENTS

Bayer specifically reserves the right to amend its answer by adding defenses, counterclaims, cross-claims, or by instituting third-party actions as additional facts are obtained through further investigation and discovery.

In addition, venue may be improper in the United States District Court for the District of Columbia, as to either or both of the Plaintiffs. In the event that venue is determined to be improper in the United States District Court for the District of Columbia, Bayer reserves the right to raise additional affirmative and other defenses as may be appropriate under applicable law.

WHEREFORE, Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation request that this court dismiss with prejudice the Complaint, that judgment be entered in favor of these defendants and against Plaintiffs, and that these defendants be awarded costs of this action, together with such other and future relief as may be appropriate.

Respectfully submitted,

_____
Richard M. Barnes (Fed. Bar No. 362286)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

*Attorneys for Defendants, Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this /3 day of October, 2005 a copy of the foregoing Answer and Defenses of Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals was mailed first-class, postage prepaid, to:

>Nathan I. Finkelstein
>Laurie B. Horvitz
>Robert J. Goldman
>FINKELSTEIN & HORVITZ, P.C.
>7315 Wisconsin Ave.
>Suite 400 East
>Bethesda, MD 20814
>*Attorneys for Plaintiffs*

*/s/ Richard M. Barnes*
Richard M. Barnes

700553