## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| | * |
| **SHERILL GLICKMAN** | |
| **11321 BERGER TERRACE** | * |
| **POTOMAC, MD 20854** | |
| | * |
| **and** | |
| | * |
| **HAROLD GLICKMAN** | |
| **11321 BERGER TERRACE** | * |
| **POTOMAC, MD 20854** | |
| | |
| **Plaintiffs** | * |
| | |
| **v.** | *   **Case No. 1:05-cv-2046** |
| | |
| **BAYER CORPORATION,** | * |
| **100 BAYER ROAD** | |
| **PITTSBURGH, PA  15205-9741** | * |
| | |
| **and** | * |
| | |
| **BAYER PHARMACEUTICALS** | * |
| **CORPORATION** | |
| **400 MORGAN LANE** | * |
| **WEST HAVEN, CT 06516-4140** | |
| | * |
| **and** | |
| | * |
| **BAYER HEALTHCARE LLC** | |
| **511 BENEDICT AVENUE** | * |
| **TARRYTOWN, NY 10591-5097** | |
| | * |
| **and** | |
| | * |
| **BAYER AKTIENGESELLSCHAFT** | |
| **CORPORATION** | * |
| **BAYERWERK** | |
| **51368 LEVERKUSEN, GERMAN** | * |
| | |
| **and** | * |
| | |
| **JOHN DOE CORPORATIONS 1 – 5** | * |
| **Defendants.** | * |

**JOINT RULE 16.3 REPORT**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for the Plaintiffs and

Defendants conferred on November 21, 2005, and hereby submit the following joint statement

pursuant to Rule 16.3(c):

(1) WHETHER THE CASE IS LIKELY TO BE DISPOSED OF BY DISPOSITIVE
MOTION

Although the Parties anticipate the filing of dispositive motions, they also agree that the

filing of any such motions would be premature at this time.

(2) THE DATE BY WHICH ANY OTHER PARTIES SHALL BE JOINED OR THE
PLEADINGS AMENDED

It is presently unclear whether additional parties will be joined.  Per the attached

proposed Scheduling Order at Exhibit A, the Parties agree that additional parties shall be joined

by January 16, 2006.

(3) WHETHER THE CASE SHOULD BE ASSIGNED TO A MAGISTRATE JUDGE FOR
ALL PURPOSES, INCLUDING TRIAL

The Parties do not presently believe that this case should be assigned to a Magistrate for

all purposes, including trial.

(4) WHETHER THERE IS A REALISTIC POSSIBILITY OF SETTLING THE CASE

Currently, there is not a realistic possibility of settling this case given the Parties'

respective positions.

(5) WHETHER THE CASE COULD BENEFIT FROM THE COURT'S ALTERNATIVE
DISPUTE RESOLUTION (ADR) PROCEDURES

The Parties agree that ADR would not presently be beneficial.  However, the Parties

agree to revisit this issue as the case progresses through discovery.

(6) WHETHER THE CASE CAN BE RESOLVED BY SUMMARY JUDGMENT OR
    MOTION TO DISMISS

Although the Parties anticipate the filing of dispositive motions, they also agree that the

filing of any such motions would be premature at this time.  The Parties have jointly proposed a

deadline of March 31, 2007, for the filing of dispositive motions.

(7) WHETHER THE PARTIES SHOULD DISPENSE WITH THE INITIAL
    DISCLOSURES REQUIRED BY RULE 26(a))(1), F.R.CIV. P.

The Parties agree to dispense with the initial disclosures required by Rule 26(a)(1).

(8) THE ANTICIPATED EXTENT OF DISCOVERY

The Parties hereby submit a jointly proposed Scheduling Order as Exhibit A.

(9) WHETHER THE REQUIREMENT OF EXCHANGE OF EXPERT WITNESS
    REPORTS AND INFORMATION PURSUANT TO RULE 26(a)(2), F.R.CIV.P.,
    SHOULD BE MODIFIED

The Parties agree that the exchange of expert witness reports and information pursuant to

Rule 26(a)(2) shall proceed consistent with the above-referenced jointly proposed schedule.

(10) CLASS ACTIONS

Not applicable.

(11) WHETHER THE TRIAL AND/OR DISCOVERY SHOULD BE BIFURCATED

The Parties agree that it is premature to determine whether the trial and/or discovery

should be bifurcated.  The Parties will revisit this issue as discovery progresses.

(12) DATE FOR PRETRIAL CONFERENCE

The Parties respectfully request that the Court set a mutually-agreeable date for the

pretrial conference that is consistent with the jointly proposed Scheduling Order.

(13) DATE FOR TRIAL

The Parties also respectfully request that the Court set a mutually-agreeable date for the

pretrial conference that is consistent with the jointly proposed Scheduling Order.

Respectfully Submitted,


_____/s/ Nathan Finkelstein_____                    _____/s/ Michael L. Lisak_____

Nathan Finkelstein (Fed. Bar No. 173682)         Michael L. Lisak (Fed. Bar No. 464060)
Robert J. Goldman (Fed. Bar No. 481642)          Michael J. Wasicko (Fed. Bar No. MD27735)
FINKELSTEIN & HORVITZ, P.C.                       GOODELL, DEVRIES, LEECH & DANN, LLP
7315 Wisconsin Ave.                              One South Street, 20th Floor
400 East                                         Baltimore, Maryland 21202
Bethesda, MD 20814                               (410) 783-4000
(301) 951-8400                                   *Attorneys for Bayer Corporation, Bayer*
*Attorneys for Plaintiffs*                       *HealthCare LLC, and Bayer Pharmaceuticals*
                                                 *Corporation, Defendants*

## CERTIFICATE OF SERVICE

I, <u>Michael J. Wasicko</u>, hereby certify that on this 2nd day of December, 2005, a copy of the

foregoing Rule 16.3 Statement and Jointly Proposed Scheduling Order were electronically served

upon:

Nathan I. Finkelstein
Laurie B. Horvitz
Robert J. Goldman
FINKELSTEIN & HORVITZ, P.C.
7315 Wisconsin Ave.
Suite 400 East
Bethesda, MD 20814

**Counsel for Plaintiff**

    */s/ Michael J. Wasicko*_____
Michael J. Wasicko

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
|  | * |  |
| **SHERILL GLICKMAN** | | |
| **11321 BERGER TERRACE** | * | |
| **POTOMAC, MD 20854** | | |
|  | * | |
| and | | |
|  | * | |
| **HAROLD GLICKMAN** | | |
| **11321 BERGER TERRACE** | * | |
| **POTOMAC, MD 20854** | | |
|  | | |
| **Plaintiffs** | * | |
|  | | |
| v. | * | **Case No. 1:05-cv-2046** |
|  | | |
| **BAYER CORPORATION,** | * | |
| **100 BAYER ROAD** | | |
| **PITTSBURGH, PA  15205-9741** | * | |
|  | | |
| and | * | |
|  | | |
| **BAYER PHARMACEUTICALS** | * | |
| **CORPORATION** | | |
| **400 MORGAN LANE** | * | |
| **WEST HAVEN, CT 06516-4140** | | |
|  | * | |
| and | | |
|  | * | |
| **BAYER HEALTHCARE LLC** | | |
| **511 BENEDICT AVENUE** | * | |
| **TARRYTOWN, NY 10591-5097** | | |
|  | * | |
| and | | |
|  | * | |
| **BAYER AKTIENGESELLSCHAFT** | | |
| **CORPORATION** | * | |
| **BAYERWERK** | | |
| **51368 LEVERKUSEN, GERMAN** | * | |
|  | | |
| and | * | |
|  | | |
| **JOHN DOE CORPORATIONS 1 – 5** | * | |
| **Defendants**. | * | |

## JOINTLY PROPOSED SCHEDULING ORDER

Plaintiffs, Sherill and Harold Glickman, and Defendants, Bayer Corporation, Bayer HealthCare LLC and Bayer Pharmaceuticals Corporation pursuant to Local Rule 16.3 of the United States District Court of the District of Columbia respectfully submit the proposed Scheduling Order for the Court's consideration.

1. The Parties agree that the trial for this matter will take two to possibly three weeks to complete and therefore have requested that this Court set a trial date that is within a reasonable time after the Pre-Trial Conference.

2. The Parties further agree that discovery specific to this case shall proceed on the following schedule:

   a. All parties shall be joined on or before January 16, 2006.

   b. The deadline for propounding Interrogatories and Requests for the Production of Documents, to the extent that such discovery has not already been provided or made available, shall be February 1, 2006.

   c. The close of factual discovery shall be August 31, 2006.

   d. The deadline for Plaintiffs to identify experts and to provide expert reports shall be September 30, 2006.

   e. The depositions of Plaintiffs' experts are to be completed by October 30, 2006.

   f. The deadline for Defendants to identify experts and to provide expert reports shall be November 30, 2006.

   g. The depositions of Defendants' experts are to be completed by January 7, 2007.

   h. The deadline for Plaintiffs to identify rebuttal experts shall be January 31, 2007.

   i. The deadline for the filing of Requests for Admission shall be January 31, 2007.

2

j.  The depositions of Plaintiffs' rebuttal experts shall be completed by February 28, 2007.

k.  The deadline for the filing of Responses to Requests for Admissions shall be March 2, 2007.

l.  The deadline for the filing of dispositive motions and/or Daubert motions shall be March 31, 2007.

m.  The date of the Pre-Trial Conference shall be provided by the Court.  Motions *in limine* shall be filed by the date of the Pre-Trial Conference

n.  The trial shall begin on the date provided by the Court.  The Parties agree that the trial on this matter should take two to possibly three weeks to complete.


_____
Judge Ellen S. Huvelle
U.S. District Court for District of Columbia


710151

3