IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHERILL GLICKMAN,** *et al.*, | * |
| **Plaintiffs** | * |
| v. | *   Case No. 1:05-cv-2046 |
| **BAYER CORPORATION***, et al.,* | * |
| **Defendants**. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PROTECTIVE ORDER

1. The word "document" shall have the full meaning ascribed to it in the Federal Rule of Civil Procedure 34(a) and shall include, without limitation, all original written, recorded, electronic, or graphic materials and all copies thereof.

2. This Order shall govern the handling of certain "Confidential" materials, as further set forth herein, that include documents produced or testimony given in this action by plaintiffs and defendants to this action (hereinafter individually "party" or collectively "parties") and non-parties.

3. Subject to paragraph 5, a party or non-party may obtain Confidential Treatment, as follows:

      a. Typing or stamping "This document contains Confidential information" on the first page of any document that contains information for which confidential treatment is desired; and

    b. Typing or stamping "Confidential" on each individual page within a document identified per (3)(a) that contains information for which confidential treatment is desired;

    c. If a party or non-party seeks Confidential Treatment for information identified in (3)(a) – (b), and said information does not consist of an entire page, the proponent of Confidential Treatment will only mark or otherwise indicate with particularity the exact information for which confidential treatment is desired within that page.

4. Pages designated per (3)(a) – (c) shall hereinafter be referred to as "Confidential Documents." Documents made available by a party or non-party for inspection by inspecting party's counsel, and the information contained therein, shall be treated by inspecting party's counsel as "Confidential Documents" under this Order. Any copies of documents selected by an inspecting party's counsel and turned over to inspecting party's counsel bearing the "Confidential" stamp (and the confidential information contained therein) shall continue to be entitled to receive Confidential Treatment pursuant to the terms of this Order.

5. Documents or transcripts or portions thereof may be designated "Confidential" pursuant to the terms of this Order:

    a. If the portion of the document or transcript discloses proprietary and confidential trade secrets of a party or confidential research, development or commercial information, the disclosure of which to the party's competitors, customers or their employees would cause substantial harm to the party's current legitimate business interests, or discloses information

        invasive of the legitimate privacy or business interests of the plaintiffs, of the party's employees, or of other persons;

   b. If the parties agree in writing to treat the said portions as Confidential; or

   c. If the Court shall rule such documents to be Confidential after appropriate notice for good cause shown.

The "Confidential" designation hereunder shall be used as sparingly as is consistent with the current legitimate business interests of the parties and the legitimate privacy or business interests of plaintiff, of the parties' employees, or of other persons.  The designation of any document or information as Confidential pursuant to the terms of this Order shall constitute the verification of counsel of record for the designating party that at least one of them has reviewed the document for compliance with the criteria of this Order and that the designation is in the good faith judgment of counsel consistent with the terms of this Order.

      6. At depositions taken in this litigation, a party may obtain Confidential Treatment of the transcript and/or videotape as defined in this Order for testimony concerning Confidential Information by so advising the court reporter during the course of that testimony for which Confidential Treatment is desired or by so advising opposing counsel in writing within 21 calendar days of receipt of the transcript.  Until such 21 calendar days have run, the entire transcript and/or videotape shall be treated as Confidential.  If the transcript or videotape are filed with the Clerk of the Court, those portions so designated shall be filed under seal.

      7. Except by prior Court Order or with the prior written consent of the designating party, documents and transcripts designated as "Confidential" hereunder (and the confidential information contained therein) shall receive "Confidential Treatment" as follows:

a. Confidential documents and transcripts may be disclosed only to the following persons:

   i. Personnel of any of the law firms or law departments representing of record any of the parties to this action and who are involved in the prosecution or defense of this action.

   ii. Experts and consultants employed or retained by counsel of record for the parties for the purpose of analyzing data, conducting studies, providing opinions or otherwise assisting in any way in this action, and their associates, assistants and other personnel

   iii. Those persons testifying as witnesses in this action. Nothing herein shall prevent a party from utilizing Confidential documents and transcripts during the testimony of a witness that is the party (or employee of the party) that produced the Confidential document and/or designated the transcript as Confidential.

b. Any Confidential Document or transcript (or Confidential information contained therein) shall be used solely for the purpose of preparing for and conducting pretrial and trial proceedings in this action.

c. Before the disclosure of any Confidential Document or transcript (or the Confidential information contained therein) to any person covered by subparagraphs (ii) and (iii) hereof (the "Recipient"), counsel making the disclosure shall caution the Recipient against the disclosure of said information to anyone else and advise the Recipient that said information is the

subject of a Court Order, and the Recipient shall acknowledge his/her agreement to abide by this Order and be subject to the jurisdiction of this Court by signing a copy of this Order, which shall be kept by disclosing counsel and, upon the conclusion of the litigation or for good cause shown and upon order of the Court, be available for inspection by counsel for the other parties.  In no event shall a person covered by subparagraph (iii) hereof be allowed to retain any copies of documents or transcripts designated as Confidential pursuant to the terms of this Order.  Those persons covered by subparagraph (ii) hereof must return all Confidential documents and transcripts and any copies to counsel following conclusion of this litigation.

       8.  Anything in this Order to the contrary notwithstanding, any party may use the services of a public court reporting service, photocopying service, printing and binding service or computer input service with regard to "Confidential" material without regard to the provisions of paragraph 6 hereof, providing such services are advised of the Confidential nature of the documents and asked to maintain their confidentiality.

       9.  No person receiving a document or transcript designated as "Confidential" shall disclose it or its contents to any person or use it other than as provided in paragraphs 6 and 7. Nothing in this Order is meant to limit the ability of a party producing a Confidential document or providing Confidential testimony from disclosing its own documents or testimony of its employees in the conduct of its own business or for purposes of this litigation.  Nothing in this Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not produced by a party in this litigation, even though the same information or documents may have been produced in discovery in this lawsuit, provided the information and documents were not obtained through improper means and not subject to a separate confidentiality agreement.

10. If any counsel files with or submits to the Court (a) documents or transcripts afforded Confidential Treatment pursuant to this Order or (b) papers disclosing the confidential information contained in such documents or transcripts, such documents, transcripts or papers shall be filed in accordance with this Court's rules and orders pertaining to the submission of sealed documents and/or in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

"Confidential"

"This envelope contains documents that are subject to an Order governing the use of confidential discovery material entered by the Court in this action.  The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of this Court."

11. Any document or transcript designated as "Confidential" or any paper disclosing the Confidential information contained in such documents or transcripts that is filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for parties until further order of this Court.

12.     Whenever a party objects to the treatment of a document or transcript as Confidential as defined in paragraphs 3, 4 and 5 hereof, it shall so notify in writing the party requesting such Confidential Treatment.  Within 20 calendar days of receipt of said written notice, the party requesting Confidential Treatment may apply to the Court for a ruling that the document or transcript shall be treated in the manner described in this Order.  If no such application is made within 20 calendar days of such notification, the document or transcript in question shall thereafter be deemed not to be subject to Confidential Treatment.  If such application is made, the document or transcript shall be afforded the treatment described in this Order until the Court rules on such application.  In any such application, the proponent of

confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection under the terms of the Order. To the extent necessary to protect the subject information from public disclosure, any such proceeding shall be *in camera* or under seal.

13. At the conclusion of this litigation (including any appeals), all documents or transcripts designated "Confidential", and any copies thereof, shall either be returned to the producing party, or counsel for the receiving party shall certify in writing to the destruction of said documents. This Order shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents or transcripts not under seal that are (a) used as exhibits and/or offered into evidence in the pretrial activities or trial of this action, and (b) not covered by any subsequent and inclusive confidentiality order.

14. Production of any material treated as Confidential under this Order by a non-producing party in response to an apparently lawful subpoena, motion or order of or in any court or other governmental agency shall not be deemed a violation of any of the terms of this Order. However, the party receiving such subpoena, motion or order shall first promptly notify the producing party and prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion or order, shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such materials upon terms comparable to those applicable to such materials under the terms of this Order and/or to seek to block the production.

15. Third parties, from whom discovery is sought in this lawsuit, may utilize this Order to protect confidential material produced by them (per Paragraphs 7(a)(i) – (iii)) if they

notify all parties of their intent to do so and agree in writing to be bound by the terms of this Order and the jurisdiction of this Court to enforce this Order.

16. No videotapes of deposition testimony of any witness that has been designated Confidential under the terms of this Protective Order shall be disclosed to any person other than those described in Paragraph 6, subparagraphs (i)-(iii), and, if such videotapes are to be filed with or submitted to the Court, the procedures of Paragraphs 9 and 10 are to be followed.

17. All parties to this lawsuit have agreed to the terms and language of this Protective Order.

18. This Order may be modified, amended or vacated by further order of the Court upon the motion of any party for good cause shown.

_____
Judge Ellen S. Huvelle
U.S. District Court for District of Columbia

728453