IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERILL GLICKMAN, *et al.*, | * |
|    Plaintiffs | * |
| v. | *  Case No. 1:05-cv-2046 |
| BAYER CORPORATION, *et al.*, | * |
|    Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS AND FOR SANCTIONS

Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer Healthcare LLC (hereinafter collectively referred to as "Bayer") by and through their undersigned attorneys respectfully submit, pursuant to Rule 16, Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, this Motion to Strike Plaintiffs' Expert Witness and for Sanctions, and in support thereof state:

### INTRODUCTION

1. This is a products liability matter wherein Plaintiffs Sherill and Harold Glickman allege that in 2002-2003, Mrs. Glickman suffered tendon injuries as a result of her ingestion of the prescription antibiotic, Cipro®. Specifically, Plaintiffs assert that the FDA-approved labeling for Cipro® did not adequately warn of the risks of the particular injuries that Mrs. Glickman now claims. Plaintiff Harold Glickman is claiming loss of consortium for the alleged injuries to Mrs. Glickman.

2. On or about December 16, 2005, this Court adopted the parties' Jointly-Proposed Scheduling Order, which set forth the discovery limitations and procedures for this matter.

Pursuant to agreement by the parties, this Scheduling Order has been modified several times. This has included several amendments wherein Plaintiffs requested, and Defendants consented to, additional time to identify and designate experts. After the most recent amendment, this Court agreed to extend the deadline to February 28, 2007, for Plaintiffs to identify and designate their experts, and to provide the experts' Rule 26(a)(2)(B) reports.

### **Dr. Glickman's Report is Late**

3.  On February 28, 2007, counsel for Bayer reminded Plaintiffs' counsel, via email, that Plaintiffs' expert reports were due. Plaintiffs' counsel responded by email to say that they would be forwarding designations "shortly." See February 28, 2007 email exchange between Michael Lisak and Laurie Horvitz, attached as Exhibit A. Counsel for Bayer did not receive anything until March 1, 2007, and, at that time, only Plaintiffs' designations (not a complete set of reports meeting Rule 26(a)(2)(A) requirements) were sent. See Rule 26(a)(2)(B) Designations by Plaintiffs, attached as Exhibit B. In their Designations, Plaintiffs identified Plaintiff Harold Glickman, D.P.M. as an expert.

4.  On March 1, 2007, counsel for Bayer wrote to Plaintiffs' counsel, setting forth in detail Bayer's objections to Plaintiffs Designation. See March 1, 2007 letter from Michael Lisak to Laurie Horvitz, attached as Exhibit C. This letter set forth numerous violations of Rule 26(a)(2)(B) of Plaintiffs' Designations. These violations included the exclusion of a signed report by Harold Glickman, D.P.M. Counsel for Bayer pointed out that the deadline for Dr. Glickman's signed report had passed. Id.

5.  On March 6, 2007, counsel for Bayer and Plaintiffs discussed Bayer's objections to Plaintiffs' Rule 26(a)(2)(B) Designations. Regarding Dr. Glickman, Plaintiffs' counsel indicated that she would let counsel for Bayer know "in a day or two" as to whether Plaintiffs

would be offering Dr. Glickman as an expert in this matter. See March 6, 2007 letter from Michael Lisak to Laurie Horvitz, attached as Exhibit D.

6. On March 8, 2007, Plaintiffs' counsel wrote to counsel for Bayer, stating that she would let Bayer "know this week regarding our intention to use Dr. Glickman as an expert witness." See March 8, 2007 from Laurie Horvitz to Michael Lisak, attached as Exhibit E.

7. On March 9, 2007, counsel for Bayer wrote to Plaintiffs' counsel concerning Plaintiffs' experts. Regarding Dr. Glickman, counsel for Bayer stated that Bayer had not yet received Dr. Glickman's expert report, and, again, pointed out to Plaintiffs' counsel that his report was 9 days past due. See March 9, 2007 letter from Michael Lisak to Laurie Horvitz, attached as Exhibit F. Counsel for Bayer also pointed out the prejudice to Bayer as a result of Plaintiffs' delay in providing an expert report for Dr. Glickman. Id.

8. Plaintiffs did not provide Dr. Glickman's report until March 16, 2007, 17 days past the deadline established by this Court's latest Scheduling Order. See March 16, 2007 fax from Laurie Horvitz to Michael Lisak, with attached Expert Report of Dr. Glickman, attached as Exhibit G.[1]

9. Per Rule 26 of the Federal Rules of Civil Procedure, "...a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). This disclosure is to "be accompanied by a written report prepared and signed by the witness." Fed R. Civ. P. 26(a)(2)(B). This Rule sets for the requirements for the expert report:

> "This report shall contain a complete statement of all opinions to be expressed
> and the basis and reasons therefore; the data or other information considered
> by the witness in forming the opinions; any exhibits to be used as a summary
> or in support for the opinions; the qualifications of the witness, including a list

---

[1] Bayer notes that his report still does not meet Fed. R. Civ. P. 26(a)(2)(A) requirements, including his testimonial history and compensation.

of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

Id.

10. Under Rule 16(f), "If a party or party's attorney fails to obey a scheduling or pretrial order...upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f). In addition, Rule 37 states, "A party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)...is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

11. Here, Plaintiffs have offered no reason whatsoever for delaying 17 days beyond the deadline to submit Dr. Glickman's report. Certainly they have not offered a "substantial justification" as required. Plaintiffs filed this case nearly two years ago, and were well aware of the issues in this case. In addition, Plaintiffs and their counsel were long aware of Dr. Glickman's qualifications and experience with Cipro®. The effect of having Dr. Glickman's report 17 days late is not harmless. As discussed in detail below, counsel for Bayer already took Dr. Glickman's deposition, and was told by Plaintiffs' counsel that Dr. Glickman "was not an expert" for this case. Now, counsel for Bayer must spend a substantial amount of time to re-prepare and re-take Dr. Glickman's deposition, along with Plaintiffs' other experts, before the deadline set by the Scheduling Order. The late addition of Dr. Glickman's report also negatively affects the preparation of Bayer's experts' reports. Given Plaintiffs' blatant disregard for this Court's Scheduling Order in the delay of providing the expert report of Dr. Glickman, and the

prejudice suffered by Bayer because of this delay, Dr. Glickman should be excluded from providing an expert opinion in this matter.

### Bayer's has Relied on Plaintiffs' Representations That Dr. Glickman is not an Expert in this Case

12. At Dr. Glickman's deposition as a party, Plaintiffs' counsel unequivocally and repeatedly stated that Dr. Glickman was not an expert.

13. On October 20, 2006, Defendants' deposed Plaintiff Harold Glickman, who is also a Doctor of Podiatric Medicine. During this deposition, Dr. Glickman was shown the Cipro® labeling that appeared in the 1997 Physician's Desk Reference ("PDR"):

> Q   Dr. Glickman, I want to show you what we have marked as "Exhibit 2" for your deposition and I am going to ask, if you would turn to the last page, if you recognize that as what is typically the front part of the PDR, the Physicians' Desk Reference?
>
> A   Yes.
>
> Q   Okay. If you turn back to the beginning, this is the 1997 PDR for -- for Cipro tablets. And on the second page, it's on the third column a little bit above where it says "Precautions," there is a paragraph that starts "Achilles and other tendon." Do you see that?
>
> A   Uh-huh.
>
> Q   Okay. Could you read that for me?
>
> A   "Achilles and other tendon ruptures that required surgical repair resulting in prolonged disability have been reported with Ciprofloxacin and other quinolones. Ciprofloxacins should be discontinued if the patient experiences pain, inflammation or rupture of a tendon."

Deposition of Harold B. Glickman, October 20, 2006 (hereinafter "Harold Glickman Depo"), at 39:20 – 40:16, attached as Exhibit H. When counsel for Bayer asked Dr. Glickman whether in 1997 Bayer had adequately warned medical professionals about the risks of tendon injury,

Plaintiffs' counsel objected, claiming that Dr. Glickman was not an expert and instructed Dr. Glickman not to answer:

> Q      Would you agree that then in 1997 Bayer was warning medical professionals in the PDR about the association or possible association with tendon disorders and tendon rupture?
>
> MR. FINKELSTEIN: Objection. He is really asking you for an expert opinion. <u>You have not been designated in this case</u> –
>
> MR. WASICKO: I am not –
>
> MR. FINKELSTEIN: -- <u>to give an expert opinion</u>.
>
> MR. WASICKO: I am not asking for an expert opinion. I am asking him for his opinion as a licensed professional health care professional.
>
> MR. FINKELSTEIN: Yes, he has -- he has not been designated in this case as a licensed professional and <u>he is not</u> -- unless you are interested in designating him so and taking his deposition as <u>an expert</u> for which he will be compensated, <u>he should not be asked to answer these questions. In fact, I am going to instruct him not to answer. Don't answer that question.</u>

Harold Glickman Depo at 41:12 – 42:8 (emphasis added). <u>See</u> Exhibit H. Thus, Plaintiffs' counsel instructed Dr. Glickman not to answer any questions that potentially called for "expert" opinion regarding the adequacy of the Cipro® label. Counsel for Bayer acquiesced, given that Plaintiffs' counsel represented that Dr. Glickman was not considered as an expert in this matter. Now Dr. Glickman wants to offer expert opinions on labeling.

14.    At another point in Dr. Glickman's deposition, Plaintiffs' counsel made it clear that Dr. Glickman is not an expert in this matter:

> Q      Would you say that it's accurate for any given patient that when you decide to prescribe a medication you have weighed the risks versus the benefits of that drug for that particular patient?
>
> A      Yes
>
> Q      Has that always been your practice?

- 6 -

  A  Yes.

  Q  And that's pretty much a standard practice for any –

  MR. FINKELSTEIN: I am going to object. <u>He is not an expert in this case</u>.

Harold Glickman Depo at 25:3 – 13 (emphasis added), attached as Exhibit H. Despite Plaintiffs' counsel's representations, Dr. Glickman surprisingly opines as to the adequacy of the Cipro® label in the expert report, which he submitted 17 days late.[2]

### Dr. Glickman's Opinions Will Not Assist the Trier of Fact

  15. Given that Dr. Glickman is a party to this action, his bias is obvious. Under Rule 702, expert testimony is to "assist the trier of fact to understand the evidence or to determine a fact at issue." Fed. R. Evid. 702. In addition, an expert's testimony is to be "the product of reliable principles and methods." <u>Id</u>. Here, Dr. Glickman's position as party cannot help but inherently and persuasively taint his opinions. While his bias could be exposed during cross-examination, its overwhelming nature would be a complete waste of the jury and Court's time. This inherently unreliable testimony would certainly not "assist the jury." Also consistent with Rule 403, even though Dr. Glickman's prior experience with Cipro® and the Cipro® label may be somewhat probative, his position as a party in this matter would inevitably lead to opinions that would cause "confusion of the issues, and misleading the jury." Fed. R. Evid. 403.

  16. Given Dr. Glickman's late report without "substantial justification," Plaintiffs' counsel's representations that he was not an expert in this case, and that his opinions would not "assist the trier of fact," Bayer respectfully requests this Court to strike Dr. Glickman's report.

---

[2] Interestingly, while Dr. Glickman admitted under oath in his deposition that the 1997 PDR for Cipro® contained information about tendopathy for prescribers such as himself, his expert report now claims that this information was not contained in the PDR for Cipro® until 2004.

17. In the event that this Court does not grant Bayer's Motion to Exclude and Bayer must re-depose Dr. Glickman, Bayer asks, in the alternative, that the Court impose sanctions that require Plaintiffs to pay the related "reasonable expenses, including attorney's fees," and that Bayer may inform the jury of Plaintiffs' failure to make a timely disclosure of their intent to call Dr. Glickman as an expert. Fed. R. Civ. P. 37(c)(1).

18. A proposed Order is attached hereto.

WHEREFORE, Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer Healthcare LLC respectfully request that this Court grant its Motion, striking Dr. Glickman as a testifying expert in this matter, and preventing Plaintiffs from further supplementing their Rule 26(a)(2)(B) designation. In the alternative, Defendants respectfully request that Plaintiffs pay reasonable expenses, including attorney fees, to re-depose Dr. Glickman, and that Defendants be allowed to inform the jury of Plaintiffs' failure to make a timely disclosure of their intent to call Dr. Glickman as an expert.

Respectfully submitted,

/s/
Michael L. Lisak (Fed. Bar No. 464060)
Michael J. Wasicko (Fed. Bar No. MD27735)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation, Defendants*

- 9 -

## CERTIFICATE OF SERVICE

We hereby certify that on this 20th day of March, 2007, a copy of the foregoing Motion to Strike Plaintiffs' Expert and for Sanctions, Request for Hearing and proposed Order, were electronically served upon:

> Nathan I. Finkelstein
> Laurie B. Horvitz
> Robert J. Goldman
> FINKELSTEIN & HORVITZ, P.C.
> 7315 Wisconsin Ave.
> Suite 400 East
> Bethesda, Maryland  20814
> ***Attorneys for Plaintiffs***

                                             /s/
                                        Michael L. Lisak

841271