IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHERILL GLICKMAN,** *et al.,* | * |
| Plaintiffs | * |
| v. | *    Case No. 1:05-cv-2046 |
| **BAYER CORPORATION,** *et al.,* | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' MOTION TO COMPEL AND TO MODIFY SCHEDULING ORDER OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFFS' EXPERTS

Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer Healthcare LLC (hereinafter collectively referred to as "Bayer") by and through their undersigned attorneys respectfully submit, pursuant to Rule 37 of the Federal Rules of Civil Procedure, this Motion to Compel and to Modify the Scheduling Order or, in the alternative, Motion to Strike Plaintiffs' Expert Witness, and in support thereof state:

1.  This is a products liability matter wherein Plaintiffs Sherill and Harold Glickman allege that in 2002-2003, Mrs. Glickman suffered tendon injuries as a result of her ingestion of the prescription antibiotic, Cipro®. Plaintiffs assert that the FDA-approved labeling for Cipro® did not adequately warn of the risks of the particular injuries that Mrs. Glickman now alleges.

2.  On or about December 16, 2005, this Court adopted the parties' Jointly- Proposed Scheduling Order, which set forth the discovery limitations and procedures for this matter. Pursuant to agreement by the parties and Rule 16 of the Federal Rules of Civil Procedure, this Scheduling Order has been modified several times. This has included several amendments

wherein Plaintiffs requested, and Defendants consented to, additional time to identify and designate experts.

3. In the most recent amendment to the Scheduling Order, this Court extended to February 28, 2007 the deadline for Plaintiffs to identify and designate their experts, and to provide the experts' Rule 26(a)(2)(B) reports. This Court also extended to April 2, 2007 the deadline for completion of Plaintiffs' experts' depositions.

4. Despite the February 28, 2007 deadline, Counsel for Bayer did not receive expert designations and reports until March 1, 2007, and, at that time, Counsel for Bayer only received Plaintiffs' designations (not a complete set of reports meeting Rule 26(a)(2)(A) requirements). Plaintiffs' counsel did disclose, prior to February 28, that Plaintiffs planned to identify Warren Joseph, D.P.M and J. Michael Casparian, M.D. as experts.[1]

5. On February 28, 2007, Counsel for Bayer requested from Plaintiffs' counsel dates for the depositions of Drs. Warren and Casparian. See email from Michael Lisak to Laurie Horvitz, February 28, 2007, attached as Exhibit A.

6. On March 1, 2007, following a telephone conversation with Plaintiffs' counsel, Counsel for Bayer wrote and objected to the inadequacy, per Rule 26(a)(2) of the Federal Rules of Civil Procedure, of Plaintiffs' expert reports and to schedule the depositions of Plaintiffs' experts at a "mutually-convenient time and location." See letter from Michael Lisak to Laurie Horvitz, March 1, 2007, attached as Exhibit B.

7. On March 6, 2007, following another telephone conversation with Plaintiffs' counsel, Counsel for Bayer wrote to specifically request dates, times and locations for the

---

[1] Plaintiffs have also identified Plaintiff Harold Glickman, D.P.M. as an expert. These Defendants have filed a separate motion to exclude Dr. Glickman as an expert in this matter. That motion is currently pending before this Court.

depositions of Drs. Warren and Casparian. See letter from Michael Lisak to Laurie Horvitz, March 6, 2007, attached as Exhibit C.

8. On March 8, 2007, Plaintiffs' counsel wrote to Counsel for Bayer to address the issues set forth in the March 6, 2007 letter. In that letter, Plaintiffs' counsel wrote that she would provide deposition dates for Dr. Casparian, but, despite the request made by Counsel for Bayer, Plaintiffs counsel was silent as to providing any dates for Dr. Warren's deposition. See letter from Laurie Horvitz to Michael Lisak, March 8, 2007, attached as Exhibit D.

9. On March 9, 2007, Counsel for Bayer wrote to Plaintiffs' counsel, pointing out that dates for Drs. Casparian and Warren had not been provided, and that it would be difficult to meet the deadline for completion of Plaintiffs' experts' depositions and designation of Defendants' experts. See letter from Michael Lisak to Laurie Horvitz, March 9, 2007, attached as Exhibit E.

10. Between March 18th and March 26th there were multiple email requests by Counsel for Bayer for deposition dates for Drs. Casparian and Warren. On March 26, 2007, Counsel for Bayer wrote that Bayer had not been provided with any dates for the depositions despite the multiple requests that were made over the course of the previous month. See letter from Michael Lisak to Laurie Horvitz, March 26, 2007, attached as Exhibit F.

11. Thus, with only 3 days left before the deadline for completion of Plaintiffs' experts' depositions, Bayer has not been provided with any dates for the depositions of Plaintiffs' experts, despite numerous requests.

12. Bayer has a clear right to depose Plaintiffs' designated experts. Pursuant to Rule 26(b)(4), "A party may depose any person who has been identified as an expert whose opinions may be presented at trial."

13.    Pursuant to Rule 37(a)(2)(A), Bayer seeks an Order compelling Plaintiffs to propose mutually convenient deposition dates for the experts they designated. Bayer respectfully requests that this Court enter an Order that compels Plaintiffs to provide dates for the depositions of their experts within10 days after the date that this Court signs the order to compel. A certification of Bayer's good faith efforts to resolve this discovery dispute with Plaintiffs is attached hereto.

14.    Although the Scheduling Order has been amended a number of times in this matter, Bayer reluctantly asks this Court to make yet another amendment. The deadline for completion of Plaintiffs' experts has been set by the current Scheduling Order to be April 2, 2007. Through their denial of deposition dates for their experts within this time frame, Plaintiffs' are severely prejudicing Bayer's ability to complete Plaintiffs' experts' depositions by the set deadline. Thus, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Bayer requests that this Court modify the Scheduling Order to extend the deadlines for the completion of Plaintiffs' experts' depositions, as well as providing extensions for the deadline for Bayer to provide its Rule 26(a)(2) reports and the deadline for completion of Bayer's experts' depositions. Bayer respectfully requests that this Court enter an Order that allows Bayer 1) 30 days after the completion of Plaintiffs' experts' depositions to designate its experts and provide Rule 26(a)(2) reports; and 2) an additional 30 days for the completion of the depositions of Bayer's experts.

15.    In the alternative, should Plaintiffs not provide dates for the depositions of their experts within 10 days of this Court's entry of an Order, Bayer seeks to have Plaintiffs' experts stricken. Pursuant to Rule 37(c), "A party that without substantial justification fails to disclose information required by Rule 26(a)…is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Thus,

should Plaintiffs, in the face of an Order to compel, continue to actively deny Bayer any opportunity to depose their experts, their experts should be excluded from testifying in this matter.

16. A proposed Order is attached hereto.

17. An Amended Scheduling Order is also attached hereto. In addition to the dates that Bayer is respectfully requesting be changed, all subsequent deadlines must be changed according to the date of the Order granting this motion. Thus, the attached Amended Scheduling Order has been left to be filled in by the Court with appropriate dates consistent with the relief requested herein.

**WHEREFORE,** Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer Healthcare LLC respectfully request that this Court grant its Motion and compel Plaintiffs to provide dates for the depositions of their experts, and to modify the current Scheduling Order such that 1) 30 days after the completion of the depositions Plaintiffs' experts, Defendants are to provide Rule 26(a)(2) disclosures; and 2) the depositions of Defendants are to be completed 30 days after the date of the Defendants' Rule 26(a)(2) disclosures. In the alternative, should Plaintiffs not provide deposition dates for their experts, Bayer respectfully requests that this Court strike Dr. Casparian and Dr. Joseph as testifying experts.

Respectfully submitted,

/s/
Michael L. Lisak (Fed. Bar No. 464060)
Michael J. Wasicko (Fed. Bar No. MD27735)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
***Attorneys for Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation, Defendants***

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2007, a copy of the foregoing Motion, Request for Hearing, Rule 37 Certificate, and proposed Order, were electronically served upon:

>Nathan I. Finkelstein
>Laurie B. Horvitz
>Robert J. Goldman
>FINKELSTEIN & HORVITZ, P.C.
>7315 Wisconsin Ave.
>Suite 400 East
>Bethesda, Maryland  20814
>***Attorneys for Plaintiffs***

/s/<br>Michael L. Lisak

844822