**EXHIBIT B**

# GOODELL, DeVRIES, LEECH & DANN, LLP
ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

TELEPHONE (410) 783-4000

FACSIMILE (410) 783-4040

MICHAEL L. LISAK
MLL@GDLDLAW.COM
WRITER'S DIRECT NUMBER
410-783-4013

ADMITTED IN MARYLAND AND D.C.

March 1, 2007

**VIA FACSIMILE**    (301) 951-8401

Laurie B. Horvitz, Esquire
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue
Bethesda, Maryland 20814

Re:  *Glickman v. Bayer Corporation, et al.*
     Civil No.: 1:05-cv-2046

Dear Laurie:

As I mentioned in today's email to you, I have objections to your experts' disclosures. Please understand, that in no way does the content of this list of objections imply that I accept the qualifications and/or methodologies employed by these proposed expert witnesses in this case. My hope and expectation is that we will be able to work through solutions on my objections without involving the Court through motion practice. I will divide this letter by your proposed listing of experts:

1. <u>Michael Casparian, M.D.</u>

   a. His attached report is not signed as required.

2. <u>Warren Joseph, D.P.M.</u>

   a. You have only provided an attorney-written disclosure, and not an actual signed report by the witness. I would also note that your deadline to provide such reports was February 28, 2007.

   b. His disclosure neither states his hourly compensation nor lists any deposition and/or trial testimony for the past four years.

Laurie B. Horvitz, Esquire
March 1, 2007
Page 2

3. <u>Plaintiff Harold Glickman, D.P.M.</u>

   a. You have only provided an attorney-written disclosure, and not an actual signed report by the witness. I would also note that your deadline to provide such reports was February 28, 2007.

   b. I believe that naming a plaintiff himself as an expert witness for his spouse is inappropriate. However, if you really intend to have Dr. Glickman offer expert opinions at trial, I am entitled to take another deposition of him to be permitted to inquire as to these proposed expert opinions and their bases.

4. <u>Treating Physicians</u>

   a. You have listed several of Ms. Glickman's treating physicians (Drs. Palmer, Tuck, Kominsky, Silva and Rudski).

      i. For none of these proposed experts have you provided a signed report as required. I would also note that your deadline to provide such reports was February 28, 2007.
      ii. For none of these proposed experts have you provided their hourly compensation and a listing of deposition and/or trial testimony in the past 4 years.
      iii. As for Dr. Palmer in particular, as you know we requested from you several times cooperation in taking his deposition prior to the close of factual discovery. We were told he was unavailable for health reasons. If you really intend to have Dr. Palmer testify at trial either as an expert or a fact witness, I am entitled to take his deposition.
      iv. As you will recall, you repeatedly and vigorously opposed any attempt by me to question these physicians at their respective fact depositions concerning potential expert opinions. I had no problem with this as I was not seeking their expert opinions as I made clear on the record. If you really intend to have these other physicians offer expert opinions at trial, I am entitled to take their depositions to be permitted to inquire as to these proposed expert opinions and their bases.

Laurie B. Horvitz, Esquire
March 1, 2007
Page 3

5. <u>Additional Medical Providers</u>

   a. While I understand the nature of this section, if you intend to offer the expert opinions of any other medical provider at trial that has not already been designated, I am entitled to that disclosure (which would include a Rule 26(a)(2) report) as well as a reasonable opportunity to take his or her deposition.

6. <u>"Appropriate person(s) from the FDA"</u>

   a. Obviously this is a completely inadequate response as there is no individual identified with a corresponding Rule 26(a)(2) report provided. If you really intend to have such an individual or individuals offer expert opinions at trial, I am entitled to that disclosure (which would include a Rule 26(a)(2) report) as well as a reasonable opportunity to take his or her deposition. I would also note that your deadline to name such individuals was February 28, 2007. This may turn out to be a non-issue as it is my understanding from other litigation that the FDA does not generally permit its employees from voluntarily becoming an advocate or otherwise involved in civil litigation.

Please give me a call to discuss these objections, and to schedule the appropriate depositions at a mutually-convenient time and location. Thank you.

Sincerely,

Michael L. Lisak

MLL/bb

836314