# EXHIBIT C

# GOODELL, DEVRIES, LEECH & DANN, LLP

ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

TELEPHONE (410) 783-4000

FACSIMILE (410) 783-4040

MICHAEL L. LISAK
MLL@GDLDLAW.COM
WRITER'S DIRECT NUMBER
410-783-4013

ADMITTED IN MARYLAND AND D.C.

March 6, 2007

**VIA FACSIMILE**    (301) 951-8401

Laurie B. Horvitz, Esquire
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue
Bethesda, Maryland 20814

Re:    *Glickman v. Bayer Corporation, et al.*
       Civil No.: 1:05-cv-2046

Dear Laurie:

Please allow this letter to serve as an summary of today's call in response to my letter of March 1st objecting to your experts' disclosures. If I have gotten any of this incorrect, please let me know as soon as possible.

1. <u>Michael Casparian, M.D.</u>

    a. His attached report is not signed as required.

       **I received his signed report subsequent to my letter. You will provide me with proposed dates and location for his deposition. Please be advised, he should plan on a full-day.**

2. <u>Warren Joseph, D.P.M.</u>

    a. You have only provided an attorney-written disclosure, and not an actual signed report by the witness. I would also note that your deadline to provide such reports was February 28, 2007.

Laurie B. Horvitz, Esquire
March 6, 2007
Page 2

            **You indicated that I should receive his signed report shortly. You will provide me with proposed dates and location for his deposition. Please be advised, he should plan on a full-day.**

    b.    His disclosure neither states his hourly compensation nor lists any deposition and/or trial testimony for the past four years. \

            **This information will presumably be contained within his expert report when I receive it.**

3.    <u>Plaintiff Harold Glickman, D.P.M.</u>

    a.    You have only provided an attorney-written disclosure, and not an actual signed report by the witness. I would also note that your deadline to provide such reports was February 28, 2007.

    b.    I believe that naming a plaintiff himself as an expert witness for his spouse is inappropriate. However, if you really intend to have Dr. Glickman offer expert opinions at trial, I am entitled to take another deposition of him to be permitted to inquire as to these proposed expert opinions and their bases.

            **You indicated that you would let me know in a day or two as to whether you will be actually offering Dr. Glickman as an expert witness in the areas disclosed.**

4.    <u>Treating Physicians</u>

    a.    You have listed several of Ms. Glickman's treating physicians (Drs. Palmer, Tuck, Kominsky, Silva and Rudski).

        i.    For none of these proposed experts have you provided a signed report as required. I would also note that your deadline to provide such reports was February 28, 2007.

        ii.    For none of these proposed experts have you provided their hourly compensation and a listing of deposition and/or trial testimony in the past 4 years.

        iii.    As for Dr. Palmer in particular, as you know we requested from you several times cooperation in taking his deposition prior to the close of factual discovery. We were told he was unavailable for health reasons. If you really intend to have Dr. Palmer testify at

Laurie B. Horvitz, Esquire
March 6, 2007
Page 3

                      trial either as an expert or a fact witness, I am entitled to take his deposition.

        iv.    As you will recall, you repeatedly and vigorously opposed any attempt by me to question these physicians at their respective fact depositions concerning potential expert opinions. I had no problem with this as I was not seeking their expert opinions as I made clear on the record. If you really intend to have these other physicians offer expert opinions at trial, I am entitled to take their depositions to be permitted to inquire as to these proposed expert opinions and their bases.

                **You indicated that you have not retained any of these treaters as expert witnesses and will not be offering them for expert opinions at trial. As such, you will not be providing the required expert reports. You listed them as a sort of "catch-all" and only intend for them to testify as to their care and treatment of Ms. Glickman consistent with their respective areas of specialization. You reaffirmed your agreement to cooperate in the scheduling of Dr. Palmer's fact deposition dependent upon his current health condition.**

5.    <u>Additional Medical Providers</u>

    a.    While I understand the nature of this section, if you intend to offer the expert opinions of any other medical provider at trial that has not already been designated, I am entitled to that disclosure (which would include a Rule 26(a)(2) report) as well as a reasonable opportunity to take his or her deposition.

        **You stated you did not intend to retain any additional medical experts, but wanted another "catch-all" in the event that Ms. Glickman sees a new or existing provider concerning health problems you intend to claim at trial. In this event, you agreed to provide supplements to our written discovery.**

6.    <u>"Appropriate person(s) from the FDA"</u>

    a.    Obviously this is a completely inadequate response as there is no individual identified with a corresponding Rule 26(a)(2) report provided. If you really intend to have such an individual or individuals offer expert

Laurie B. Horvitz, Esquire
March 6, 2007
Page 4

opinions at trial, I am entitled to that disclosure (which would include a Rule 26(a)(2) report) as well as a reasonable opportunity to take his or her deposition. I would also note that your deadline to name such individuals was February 28, 2007. This may turn out to be a non-issue as it is my understanding from other litigation that the FDA does not generally permit its employees from voluntarily becoming an advocate or otherwise involved in civil litigation.

**You acknowledged that you could have retained an outside expert on FDA matters, but instead intend to subpoena an FDA witness to testify at trial if you deem it necessary depending upon our experts' reports. You indicated that you would not be retaining such an individual as an advocate in proffering expert opinions on behalf of your client.**

      Sincerely,

      Michael L. Lisak

MLL/bb

837862