**EXHIBIT E**

# GOODELL, DeVRIES, LEECH & DANN, LLP
ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

TELEPHONE (410) 783-4000

FACSIMILE (410) 783-4040

MICHAEL L. LISAK
MLL@GDLDLAW.COM
WRITER'S DIRECT NUMBER
410-783-4013

ADMITTED IN MARYLAND AND D.C.

March 9, 2007

**VIA FACSIMILE**   (301) 951-8401

Laurie B. Horvitz, Esquire
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue
Bethesda, Maryland 20814

Re: *Glickman v. Bayer Corporation, et al.*
Civil No.: 1:05-cv-2046

Dear Laurie:

I acknowledge the receipt of your letter of March 8th concerning your experts.

1. Michael Casparian, M.D.

    a. We are set on Dr. Casparian aside from the fact that I do not yet have proposed deposition dates. Given the short time-frame for me to complete your experts' depositions as well as my ever-filling schedule, I do not know if I will be able to complete his deposition prior to April 1st and/or provide my experts' reports on May 1st. I assume that it not going to be a problem with you.

2. Warren Joseph, D.P.M.

    a. I acknowledge the receipt of Dr. Joseph's report. Thank you for letting me know that you are attempting to get the required information concerning his testimonial history over the past four years. His report states that he "lectured to the Miles sales force at a meeting in West Haven, CT" soon after Cipro was released. Please advise me *immediately* if Dr. Joseph was ever a Miles/Bayer consultant or paid any money or other compensation by Miles/Bayer.

Laurie B. Horvitz, Esquire
March 9, 2007
Page 2

        b.        Assuming Dr. Joseph will continue to be a retained expert by you in this matter, I also note that his report is one-week late and I still do not have proposed deposition dates from him. Given the short time-frame for me to complete your experts' depositions as well as my ever-filling schedule, I do not know if I will be able to complete his deposition prior to April 1st and/or provide my experts' reports on May 1st. I assume that it not going to be a problem with you.

3.       Plaintiff Harold Glickman, D.P.M.

        a.        Your letter indicates that you intend to let me know this week regarding your intention to use Dr. Glickman as an expert at trial. You also stated that if you do seek to use him as an expert, you will provide me with a report. He would also need to be deposed again on his opinions and bases, especially as you specifically objected to certain of Mr. Wasicko's questioning of Dr. Glickman on the basis that you believed they sought expert testimony. Finally, I have yet to hear any compelling reason as to why you could not have designated and provided an expert report for Dr. Glickman by February 28th. Again - given the short time-frame for me to complete your experts' depositions as well as my ever-filling schedule, I do not know if I will be able to complete his deposition prior to April 1st and/or provide my experts' reports on May 1st. I assume that it not going to be a problem with you.

4.       Treating Physicians

        a.        Laurie, I am sorry, but you can not have it both ways. At the treaters' depositions you repeatedly and vigorously objected to any question I asked that you felt bordered on soliciting expert opinions (I was not seeking expert opinions and did not receive any). While I certainly understand your point that these treaters are "experts" in the broadest sense of the word, if you intend to use them affirmatively as experts at trial, I believe I am entitled to a report and to take their depositions on any such opinions and bases. While they may indeed be experts in their respective practice-areas, they can not be offered as experts outside their areas of expertise or specialization – especially as I have no report or opportunity to depose them on that potential testimony. For example, a podiatrist can not offer expert opinions on rheumatology, FDA regulations, marketing practices, etc. It could be that we are getting lost in semantics – which would be a first for attorneys.

Laurie B. Horvitz, Esquire
March 9, 2007
Page 3

5. <u>Additional Medical Providers</u>

   We are fine on this area.

6. <u>"Appropriate person(s) from the FDA"</u>

   a. This is a case in which you allege failure to warn in an FDA-approved label. My position is that you have had notice since you filed your Complaint as well as ample opportunity to retain an FDA expert. You have chosen not to do so. It is my position that if you seek to either affirmatively offer expert testimony at trial in this subject-area from any individual or to do so in rebuttal, my client is entitled to a report and a reasonable opportunity to conduct a discovery deposition.

Please get back to me as soon as possible concerning Drs. Casparian, Joseph and Glickman as outlined above. Thank you.

Sincerely,

Michael L. Lisak

MLL/bb

837850