## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHERILL GLICKMAN, *et al.*,                              *

    Plaintiffs                                          *

    v.                                              *    Case No. 1:05-cv-2046

BAYER CORPORATION, *et al.*,                             *

    Defendants.                                     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS AND FOR SANCTIONS

Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer Healthcare LLC (hereinafter collectively referred to as "Bayer") by and through their undersigned attorneys hereby file this Reply Memorandum to the Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Expert Witness and for Sanctions. This Reply is necessary to address arguments raised in the Plaintiffs' Opposition.

1.      Bayer disagrees with Plaintiffs' characterization of Cipro® labeling and warnings (Section II of Plaintiffs' Opposition). However, for the purposes of resolving this discovery dispute, it is unnecessary for Bayer to address these allegations herein.

2.      Plaintiffs' offer two disingenuous explanations for their late designation of Plaintiff Dr. Harold Glickman as an expert in his own case.[1] First, Plaintiffs claim that Bayer "produced over 350,000 pages of documents in this case." However, Plaintiffs, through their written discovery, requested all of the produced documents. Moreover, Bayer produced electronic documents (on CDs) to Plaintiffs between April 21, 2006 and October 23, 2006, some

---

[1] Bayer notes that counsel for Plaintiffs offered none of the reasons put forward in their Opposition in any discussions with Bayer's counsel prior to Defendants' Motion to Strike.

11 months and 5 months, respectfully, before Plaintiffs' deadline to designate experts. In addition, although it was neither requested nor required to do so, Bayer provided Plaintiffs with a detailed index of the materials being produced. Thus, contrary to Plaintiffs' claim in their Opposition, documents related to labeling were clearly identified. Bayer's production of documents could not have hindered Plaintiffs' decision to name Dr. Glickman as an expert in a timely fashion.

3.      Plaintiffs' second disingenuous excuse for the late designation of Dr. Glickman. Plaintiffs claim that "it was not clear whether an expert report was required in conjunction with Dr. Glickman's designation." Nowhere in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure is there a distinction for the requirement of a report based on whether the expert is a party. Rather, case law interpreting the Rule 26(a)(2)(B) requirement establishes that the **scope of the testimony** triggers the report requirement.

4.      In <u>Wreath v. United States</u>, 161 F.R.D. 148 (D. Kan. 1995), the Court addressed the issue of whether a treating physician would be considered "retained or specifically employed" such that a Rule 26(a)(2)(B) report would be required. That Court concluded,

> "A treating physician is not always a specially retained expert witness under Fed. R. Civ. P. 26(a)(2)(B). To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed. R. Evid. 702, 703 and 705. However, <u>when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony</u>, he becomes subject to the provisions of Fed.R.Civ .P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony."

Id. at 450 (emphasis added). Likewise, the Court in <u>Osterhouse v. Grover</u>, No. 3:04-cv-93-MJR, slip op. at 2 (S.D.Ill. May 17, 2006) drew a similar distinction between a treating physician and an "expert," concluding,

2

> "When a treating physician limits his testimony to his observation, diagnoses and treatment, there is no need for a Rule 26(a)(2)(B) report.  In contrast, when a treating physician opines as to *causation, prognosis or future disability,* the physician is going beyond what he saw and did and why he did it. He is going beyond his personal involvement in the facts of the case and giving an opinion formed *because there is a lawsuit.* Often that opinion relies on information not part of the physician's personal knowledge or professional training...."

(emphasis in original) (citing <u>Griffith v. Northeast Illinois Regional Commuter Railroad Corp.</u>, 233 F.R.D. 513, 2006 WL 436114 (N.D.Ill.2006)).  <u>See, also</u> <u>Bell v. Illinois Central Rail Co.</u>, Slip Copy, 2006 WL 3841544 (S.D. Ill.,2006).  A similar distinction should be drawn between a party who has medical knowledge and a "retained" expert.

5.    Under these sound principles consistent with Rule 26 of the Federal Rules of Civil Procedure, Dr. Glickman would be considered "retained or specifically employed" to provide expert testimony. [2]  Dr. Glickman's opinions extend beyond those that were available to him at the time Mrs. Glickman was prescribed Cipro®.  Thus, Rule 26(a)(2)(B) requires that a report be produced with an expert designation, on a date established by this Court in its Scheduling Order.

6.    Contrary to Plaintiffs' assertion in their Opposition, Plaintiffs did not produce a report for Dr. Glickman "when counsel for the Defendants asked for a written report…"  Rather, despite several attempts by counsel for Bayer, Plaintiffs did not submit a report for Dr. Glickmam until 17 days after the deadline.

7.    Here, Dr. Glickman is both a party[3] and a treating physician.[4]  Bayer is not seeking to preclude Dr. Glickman from testifying as a party or as a treating physician.  Rather,

---

[2] Bayer wishes to make it clear to this Court that it is not conceding that a Doctor of Podiatric Medicine (D.P.M.), such as Dr. Glickman, is qualified as an expert to provide opinions in this matter.

[3] The evidentiary issues to be potentially raised by having a party serve as an expert are not trivial.  For example, it is entirely appropriate for counsel to seek from an expert the discovery of materials reviewed and conversations with counsel.  With a party serving as an expert, Plaintiffs would likely make claims of attorney-client privilege and attorney work product doctrine, thus significantly hindering the discovery of this information, as well as leading to significant motions practice to resolve additional discovery disputes.

Bayer only seeks to preclude him from testifying as an "expert" regarding general issues of Cipro labeling and/or the alleged association between Cipro and tendon disorders.

8.      Given Dr. Glickman's obvious bias as a party to this litigation and his "expert" opinions that will be duplicative of Dr. Joseph and Dr. Casparian (Plaintiffs' other named experts), Bayer reiterates that Dr. Glickman's expert opinion would not assist the trier of fact.[5] As discussed more completely in Bayer's Motion, Dr. Glickman's position as party cannot help but to inherently and persuasively taint his opinions.  Although his bias could be exposed during cross-examination, its overwhelming nature would be a complete waste of the jury and this Court's time.  This inherently unreliable testimony would certainly not "assist the jury."  Also consistent with Rule 403, even though Dr. Glickman's prior experience with Cipro® and the Cipro® label may be somewhat probative, his position as a party in this matter would inevitably lead to opinions that would cause "confusion of the issues, and misleading the jury."  Fed. R. Evid. 403.

---

[4] The deposition testimony of both Dr. and Mrs. Glickman establishes that Dr. Glickman provided initial treatment for Mrs. Glickman's alleged posterior tibial tendon injury.

[5] Further, Dr. Glickman's testimony will not assist the trier of fact as his opinions are duplicative of Plaintiffs' other experts, Dr. Warren Joseph and Dr. Michael Casparian.

WHEREFORE, Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer

Healthcare LLC respectfully request that this Court grant its Motion, striking Dr. Glickman as a

testifying expert in this matter, and preventing Plaintiffs from further supplementing their Rule

26(a)(2)(B) designation.


                                   Respectfully submitted,



                        _____/s/_____
                        Michael L. Lisak (Fed. Bar No. 464060)
                        Michael J. Wasicko (Fed. Bar No. MD27735)
                        GOODELL, DEVRIES, LEECH & DANN, LLP
                        One South Street, 20th Floor
                        Baltimore, Maryland 21202
                        (410) 783-4000
                        *Attorneys for Bayer Corporation, Bayer HealthCare LLC,*
                        *and Bayer Pharmaceuticals Corporation, Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

We hereby certify that on this 9th day of April, 2007, a copy of the foregoing Defendants'

Reply to Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Expert and for

Sanctions was electronically served upon:

> Nathan I. Finkelstein
> Laurie B. Horvitz
> Robert J. Goldman
> FINKELSTEIN & HORVITZ, P.C.
> 7315 Wisconsin Ave.
> Suite 400 East
> Bethesda, Maryland  20814
> ***Attorneys for Plaintiffs***

_____/s/_____
Michael J. Wasicko

847225