IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHERILL GLICKMAN, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil No. 1:05-cv-2046 |
| BAYER CORPORATION, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND TO MODIFY SCHEDULING ORDER OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFFS' EXPERTS**

I. **INTRODUCTION**

Plaintiffs, Sherill Glickman and Harold Glickman, by and through their undersigned counsel, respectfully submit this memorandum in opposition to Defendants' Motion to Compel and to Modify Scheduling Order Or, In the Alternative, Motion to Strike Plaintiffs' Experts (hereinafter "Motion").

In the Motion, Defendants are seeking remedies which are entirely inappropriate and unnecessary. Plaintiffs do not object to a modified scheduling order. They expressly agreed to an extension of the deadline for expert depositions on March 16, 2007, i.e., fourteen days before the Motion was filed. There is no need to issue an order compelling the Plaintiffs to produce their experts for depositions. Plaintiffs have determined available dates. Dr. Casparian's deposition has been scheduled for May 10, 2007 in Kansas. Dr. Glickman is generally available on Friday afternoons.[1] Dr. Joseph is being withdrawn as an expert in Plaintiffs' case-in-chief. Plaintiffs reserve the right to call Dr. Joseph as a rebuttal expert.

---

[1] Defendants are waiting to note Dr. Glickman's deposition until after the Court rules on their motion to strike him as an expert.

1

Defendants have not articulated any legitimate basis for striking Plaintiffs' experts. Instead, this matter could have been resolved by means of a joint request for a revised scheduling order. No other relief is warranted.

## II. CHRONOLOGY OF EVENTS RELATING TO EXPERT DESIGNATIONS

Plaintiffs served their expert designations on February 28, 2007, i.e., the date set forth in the amended scheduling order. On that date, they served the written designations via United States mail and, as a professional courtesy to defense counsel, by facsimile. Service was effective upon mailing. Fed. R. Civ. P. 5(b)(2)(B). Nonetheless, the 35-page document also was sent via facsimile at 5:54 p.m. to Defendants' counsel. One hour earlier, Plaintiffs' counsel wrote an e-mail to counsel for the Defendants stating that the designations would be sent shortly.

Under these circumstances, it is difficult to understand why the Defendants would include the following mischaracterization of events in their Motion: "Despite the February 28, 2007 deadline, Counsel for Bayer did not receive expert designations and reports until March 1, 2007..." Motion at p.2, ¶4. This comment incorrectly implies that the designation was untimely simply because counsel for the Defendants did not review the transmitted facsimile until the next day. In any event, the designation was served in a timely manner. By 11:13 a.m. the next day, counsel for the Defendants had already analyzed the designations and transmitted a two and one-half page letter relating thereto.

On February 28, 2007, the designations included a detailed summary of each witness's anticipated expert testimony. Dr. Casparian's report and curriculum vitae ("CV") were attached. CVs for Dr. Joseph and Dr. Glickman were produced as well.

Thereafter, Plaintiffs' counsel undertook efforts to determine available dates for the depositions of Drs. Casparian, Glickman and Joseph. All three are practicing medical providers with busy professional schedules. Dr. Casparian and Dr. Joseph are

employed in other jurisdictions, more particularly Kansas and Pennsylvania respectively.

In order to schedule Dr. Casparian's deposition, the parties first needed to determine the preferred location for the deposition. The witness was willing to travel to the Washington, D.C. area if Bayer paid his travel costs. Dr. Casparian also was willing to sit for the deposition on a mutually convenient Saturday. Defendants rejected any depostion on a Saturday and stated their unwillingness to reimburse Dr. Casparian for all of his travel costs. Instead, they offered to pay half of Dr. Casparian's airfare and no hotel expenses.

Meanwhile, Plaintiffs' attorneys communicated to defense counsel on multiple occasions that they were attempting to determine available dates for Dr. Casparian.

On March 8, 2007, they sent a letter stating that they would provide proposed deposition dates for Dr. Casparian. Motion at Ex. D.

On March 13, 2007, Plaintiffs' counsel stated that they had been trying to reach Dr. Casparian for deposition dates and would try again. Exhibit 1 hereto, E-Mail to Michael Lisak, Esq., dated March 13, 2007.

On March 16, 2007, counsel for the Defendants was advised that Dr. Casparian was "verifying his professional and personal calendar… [and he] may not be available before April 12th." Moreover, counsel for the Plaintiffs explained that Dr. Casparian "needs to give considerable notice to his employer in order to take a day off." Exhibit 1 hereto, E-Mail to Michael Lisak, Esq., dated March 16, 2007. As his CV establishes, Dr. Casparian works for a Veterans facility. As such, he must comply with certain protocols for taking leave and cannot unilaterally reschedule patients.

On March 26, 2007, Plaintiffs' attorneys again explained via e-mail to Mr. Lisak that they were making another inquiry to the experts for deposition dates.

Throughout this time period, Plaintiffs' attorneys stated that they would "provide [Defendants] with any extension necessary to take expert depositions." Exhibit 1, E-

3

Mail to Michael Lisak, Esq, dated March 16, 2007. The parties have since agreed to take Dr. Casparian's deposition on May 10, 2007 in Kansas.

With respect to Dr. Glickman, Defendants quickly objected to his designation as an expert. They filed a motion to strike him as an expert witness. Nonetheless, Plaintiffs have consistently stated that Dr. Glickman will submit to a second deposition in this case for exploration of his expert opinions. As Plaintiffs' counsel wrote on March 16, 2007, "Of course, you may take his deposition." Exhibit 1, E-Mail to Michael Lisak, Esq, dated March 16, 2007. Plaintiffs have communicated Dr. Glickman's general availability on Friday afternoons. Defendants have not noted Dr. Glickman's deposition because they are awaiting a ruling on their motion to strike him as an expert.

Although Dr. Joseph was designated on Februay 28, 2007 and has produced a written report, Plaintiffs are withdrawing him at this time. They reserve the right to designate Dr. Joseph as a rebuttal expert.

## III. ARGUMENT

Defendants are not entitled to any award of sanctions or an order to compel. Such relief is not warranted. Plaintiffs never contested Defendants' right to take the expert depositions of Drs. Casparian, Glickman and Joseph. Defendants were not denied deposition dates, as alleged by the Defendants in their Motion. Motion at p. 4, ¶14 ("Through their denial of deposition dates for their experts within this time frame, Plaintiffs[]...").[2] Instead, the parties simply could not obtain the necessary dates within the time period prescribed.

This matter could have been resolved by means of a consent motion to modify the scheduling order. Unfortunately, counsel for the Defendants never sought such

---

[2] As the parties debated the best venue for Dr. Casparian's deposition and Defendants' refusal to pay the witness's travel costs, Plaintiffs assured the Defendants in writing that the Plaintiffs were not withholding any deposition dates. Counsel for the Plaintiffs explained that the location of the deposition affected the deponent's availability.

4

consent.[3] Plaintiffs hereby consent to Defendants' request for a 30-day period for designation of defense experts after the deposition of Dr. Casparian on May 10, 2007. A 30-day period for the depositions of defense experts may not be adequate. Defendants' zealous litigation style and the July 4th holiday may require more time for such depositions, particularly if the Defendants designate an excessive number of expert witnesses. In that event, the parties might require forty-five (45) days to take the Defendants' expert depositions or to file related motions.

Defendants have not been "severely prejudiced", as they allege in their Motion. Motion at p. 4, ¶14. They have no need or incentive to litigate this matter swiftly. The delays only harm the Plaintiffs by deferring a monetary recovery in this case.

## IV. CONCLUSION

For the foregoing reasons, the Motion should be denied, except to extent necessary to modify the scheduling order. A proposed order is attached hereto.

Respectfully submitted,

FINKELSTEIN & HORVITZ, PC

By: _____/s/_____
Nathan I. Finkelstein # 173682
Laurie B. Horvitz # 384702
Robert J. Goldman #481642
7315 Wisconsin Avenue
Suite 400 East
Bethesda, MD 20814
301-951-8400 (phone)
301-951-8401 (fax)
Attorneys for Plaintiffs

---

[3] Defendants' "Rule 37 Certificate" does not recount any efforts to confer regarding a revised set of deadlines.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by E-Filing and by first class U.S. mail, on this 10th day of April 2007 to:

Michael L. Lisak, Esquire
Michael J. Wasicko, Esquire
Thomas J. Cullen, Jr., Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202

                                      /s/
                                  Nathan I. Finkelstein