# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHERILL GLICKMAN, et al.,            *

Plaintiffs                                 *

v.                                       *     Case No. 1:05-cv-2046

BAYER CORPORATION, et al.,         *

Defendants.                             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND TO MODIFY SCHEDULING ORDER OR, IN THE <u>ALTERNATIVE, MOTION TO STRIKE PLAINTIFFS' EXPERTS</u>

Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer Healthcare LLC (hereinafter collectively referred to as "Bayer") by and through their undersigned attorneys hereby file this Reply Memorandum to the Plaintiffs' Opposition to Defendants' to Compel and to Modify Scheduling Order or, in the Alternative, Motion to Strike Plaintiffs' Experts.  This Reply is necessary to address arguments raised in the Plaintiffs' Opposition, and to correct mischaracterizations made by Plaintiffs in their Opposition.

1.       In their Opposition, Plaintiffs offer disingenuous statements regarding the Defendants' attempts to obtain depositions for Plaintiffs' experts.  Plaintiffs assert in their Opposition that they "expressly agreed" to an extension of the deadline for depositions of Plaintiffs' experts and that there is "no need to issue an order compelling the Plaintiffs to produce their experts for depositions."  However, Plaintiffs did not provide <u>any</u> dates of availability for <u>any</u> of their experts until April 10, 2007, which is 8 days after Bayer filed its Motion to Compel and 10 days after the Court's deadline for the completion of those depositions.

Bayer also points out that its counsel had attempted, on numerous occasions, to obtain dates for Plaintiffs' experts' depositions (See Exhibits in Bayer's Motion to Compel). Failing to obtain dates for Plaintiffs' experts' depositions, Bayer reluctantly filed its Motion to Compel out of an abundance of caution to protect its ability to name experts, but it did so only after Plaintiffs' counsel refused to respond to Bayer's counsel's letter, which proposed new deadlines (See March 26, 2007 letter to Laurie Horvitz from Michael Lisak, attached as Exhibit A).

2.      Plaintiffs only first consented to the relief that Bayer sought in its letter of March 26, 2007, as well as its Motion to Compel, in their Opposition. Yet, Plaintiffs claim that "the parties simply could not obtain the necessary dates within the time period prescribed." This is hard to fully comprehend given that Plaintiffs' counsel knew for many months that they would have to provide proposed deposition dates within 30 days of meeting their expert report deadline. Even though Plaintiffs submitted incomplete expert designations,[1] counsel for Bayer still made timely attempts to secure dates for these experts' depositions. Counsel for Bayer also made several offers to travel to Kansas City to depose Dr. Michael Casparian for the witness' convenience or to share the cost of Dr. Casparian's airfare if he preferred to come to the Washington, D.C.-area. Still, Plaintiffs did not provide deposition dates until 8 days after Bayer filed its Motion to Compel. Counsel for Bayer promptly agreed to the one proposed deposition date for Dr. Casparian.

3.      Plaintiffs' assertion that this was merely a matter of not having enough time to schedule the depositions within the deadlines set by the Scheduling Order mischaracterizes these issues, belies reality and fails to acknowledge Bayer's good-faith efforts to obtain dates for

---

[1] Per Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiffs were to provide designations and reports for all of their experts. Plaintiffs' general designations, without complete reports, failed to meet the clear requirements of this rule.

depositions before the deadline established by this Court's Scheduling Order.  The fact that Plaintiffs' counsel has now withdrawn one of their two retained experts – Dr. Warren Joseph – reveals that contrary to Plaintiffs' counsel's arguments to this Court, the failure to provide deposition dates was not due to confusion over the meaning of Rule 26, physicians' busy schedules, or the volume of documents produced, or any other such after-the-fact excuse.

4.      This matter could not, as Plaintiffs assert, have been "resolved by means of a consent motion to modify the scheduling order."  First, because Plaintiffs refused to provide any dates for the depositions of their experts, it proved impossible for counsel for Bayer to establish any of the subsequent deadlines triggered by those prior deadlines. Second, in order to protect their client from missing a deadline established by this Court's Scheduling Order, counsel for Bayer felt it necessary to file a Motion to Compel.  Bayer felt it especially necessary to file its motion after Plaintiffs' counsel refused to respond to Mr. Lisak's letter of March 26, 2007.  It is clear from the record, which is discussed in detail in Bayer's Motion to Compel, Plaintiffs were unfortunately not going to provide any dates for depositions until Bayer took a more formal action to obtain the dates.  Moreover, counsel for Bayer offered to withdraw its Motion to Compel if Plaintiffs would simply provide dates for Dr. Warren Joseph's deposition.  It was not until Plaintiffs filed their Opposition that Bayer learned that Plaintiffs were withdrawing him as an expert.

5.      Bayer wishes to make it clear to this Court that is seeks a 30 day period for the designation of its experts after <u>all</u> of Plaintiffs' experts' depositions have been completed.  Thus, Bayer requests that it be given 30 days from either May 10, 2007 or the date of the deposition of Plaintiffs' last expert, whichever is later, to designate its experts.  In addition, all subsequent

deadlines should be increased by 30 days. A proposed Scheduling Order, which sets forth the new deadlines, is attached.

6.    Bayer strongly objects to Plaintiffs' inaccurate and inappropriate suggestion that "Defendants' zealous litigation style" will delay the completion of the Defendants' experts. Bayer will not obstruct Plaintiffs' ability to take the depositions of its experts. Unlike Plaintiffs' counsel, Bayer has yet to miss any Court-issued deadline in this matter to date, including responding in a timely and complete fashion to Plaintiffs' written discovery. Also, unlike Plaintiffs' counsel, Bayer has agreed to every request for an extension that has been made by opposing counsel (on at least 3 separate occasions). In contrast, Plaintiffs' counsel, Mr. Robert Goldman communicated in an email of November 30, 2006 that Plaintiffs would not consent to a potential extension proposed by Bayer. Finally, if Plaintiffs' counsel is concerned about their ability to depose Bayer's experts within 30 days, they could simply ask for such an agreement without making unsubstantiated attacks. In that regard, Bayer is agreeable to a 45-day time period, as long as Bayer also has 45-days to complete the depositions of Plaintiffs' experts.

WHEREFORE, Defendants, Bayer Corporation, Bayer Pharmaceuticals Corporation and Bayer

Healthcare LLC respectfully request that this Court grant its Motion to Compel and to Modify

Scheduling Order.


Respectfully submitted,

_____/s/_____

Michael L. Lisak (Fed. Bar No. 464060)
Michael J. Wasicko (Fed. Bar No. MD27735)
Goodell, DeVries, Leech & Dann, LLP
One South Street, Suite 2000
Baltimore, MD 21202
(410) 783-4000

*Attorneys for Bayer Corporation, Bayer HealthCare LLC, and Bayer Pharmaceuticals Corporation, Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of April, 2007, a copy of the foregoing Defendants'

to Compel and to Modify Scheduling Order or, in the Alternative, Motion to Strike Plaintiffs'

Experts and proposed Amended Scheduling Order were electronically served upon:

Nathan I. Finkelstein
Laurie B. Horvitz
Robert J. Goldman
FINKELSTEIN & HORVITZ, P.C.
7315 Wisconsin Ave.
Suite 400 East
Bethesda, Maryland  20814
***Attorneys for Plaintiffs***

_____/s/_____
Michael J. Wasicko

848034

6